The People of the State of New York, Respondent, *v*. Ruth Clairborne, Appellant.

Second Department, June 7, 1971.

*Finkelstein, Kaplan & Levine (Max Levinson* of counsel), for appellant.

*Jerome S. Cohen, Acting District Attorney (Lawrence X. Kennedy* of counsel), for respondent.

Christ, J. The defendant was tried under two indictments, one charging perjury, the other charging her with falsely reporting an incident, a misdemeanor (Penal Law, § 240.50), and criminal solicitation in the third degree, a violation (Penal Law, § 100.00). At the end of the defendant's case, the Trial Term dismissed the perjury indictment and accepted the defendant's guilty plea to both counts of the other indictment.

The first count of the latter indictment, charging the defendant with falsely reporting an incident, alleged that while the defendant knew a person had received injuries in an alleged fight which had occurred in her bar, she told a police officer that the injuries had not been received in the bar. A police officer testified before the Grand Jury and at the trial that he had approached the

defendant and initiated a conversation with her. It was undisputed that the false information was given by the defendant in response to the officer's question.

Section 240.50 of the Penal Law, in relevant part, provides: "A person is guilty of falsely reporting an incident when, knowing the information reported, conveyed or circulated to be false or baseless, he: * * * 3. Gratuitously reports to a law enforcement officer or agency * * * (c) false information relating to an actual offense or incident or to the alleged implication of some person therein."

The evidence before the Grand Jury and the trial court did not constitute the crime of falsely reporting an incident. Since the defendant did not initiate the conversation with the police officer, but merely responded to his inquiry, it cannot be said that the defendant "gratuitously" reported false information to a law enforcement officer. The Trial Term should have rejected the guilty plea to the crime of falsely reporting an incident, since the undisputed evidence clearly indicated that the defendant had not committed an act which constituted this crime (cf. *People* v. *Seaton,* 19 N Y 2d 404; *People* v. *Serrano,* 15 N Y 2d 304).

The defendant's indictment for the violation of criminal solicitation in the third degree cannot stand. The Grand Jury has no authority to return an indictment for a violation as distinguished from a crime (*People* v. *Du Pont,* 28 A D 2d 1135).

For these reasons the judgment should be reversed, on the law, and the indictment dismissed.

MUNDER, J. (dissenting in part). I concur in the dismissal of the indictment insofar as it concerns the violation of criminal solicitation in the third degree, on the authority of *People* v. *Du Pont* (28 A D 2d 1135), but otherwise dissent and vote to affirm the judgment convicting the defendant of falsely reporting an incident.

Defendant, upon her plea of guilty, was convicted of falsely reporting an incident (Penal Law, § 240.50). The majority would overturn that conviction because the alleged false report was in response to a police inquiry and thus was not made "gratuitously", as contemplated in subdivision 3 of section 240.50.

I cannot agree with such a narrow interpretation. To me, in the context of the statute, if the false report is given "freely", i.e., in the absence of compulsion, it is given gratuitously. The fact that it is given in response to a question, per se, does not destroy its free nature. Here, in answer to a routine question,

the defendant gave false information relating to a knifing on her premises. That is enough for conviction.

In addition, it is my view that by her plea the defendant supplied the necessary elements of the crime for which she was convicted (see *People* v. *Griffin,* 7 N Y 2d 511; see, also, *People* v. *Jacoby,* 304 N. Y. 33, 40). The court, by reason of the trial, was aware of the circumstances surrounding the defendant's report to the police. There was, therefore, no need to question her further or to reject her guilty plea when it was offered.

RABIN, P. J., SHAPIRO and BRENNAN, JJ., concur with CHRIST, J., MUNDER, J., dissents in part, in a separate opinion.

Judgment of the County Court, Orange County, rendered September 18, 1970, reversed, on the law, and indictment dismissed.