OPINION OF THE COURT
Raymond Harrington, J.
The defendant moves this court, through his attorney on his pending appeal from a judgment of this court, for an order directing “the Nassau County Probation Department to deliver to the attorney for the defendant a copy of the defendant’s probation report which was used in the within case pursuant to Chapter 132 of the Laws of 1984, effective May 22,1984” and for such other and further relief as to this court may seem just and proper.
This motion was returnable on September 7, 1984. On that day, the People, represented by the District Attorney of Nassau County, on the record, indicated that they had no position on this application. However, the Assistant District Attorney requested that the return date of the motion be adjourned until September 24, 1984, so that the Probation Department of Nassau County, through its attorney, might seek leave of the court to be heard on this application and, indeed, might oppose this motion. The court so adjourned this matter and the People have not replied.
The County Attorney, on behalf of the Director of Probation, has moved this court in a motion returnable September 24, 1984, for an order “pursuant to Section 3211(a), subdivision 5 of the Civil Practice Law and Rules, dismissing this proceeding in whole or in part, on the ground that the proceeding is barred by *238 the doctrine of res judicata and for such other and further relief as this Court may deem just and proper.”
The court treats the “motion” by the County Attorney as an application to intervene on behalf of the Nassau County Probation Department and/or its Director (cf. CPLR 1012, 1013). The court further treats the motion by the County Attorney as a cross motion (CPLR 2215) and/or an affirmation in opposition to the relief requested.
Considering all the papers, this court finds that it is clear that the Legislature intended, by the 1984 amendments to CPL 390.50 (subd 2), that, upon application by an appealing defendant or his adversary, “[t]he pre-sentence report shall be made available by the court for examination and copying in connection with any appeal in the case”. The court is not persuaded of the applicability of the doctrine of res judicata to this motion as the defendant’s appeal is now pending.
It might be suggested that the statutory language, “shall be made available by the court’ literally requires that the report physically be made available by the court and/or the copying be performed by the court. (Emphasis supplied.)
This court holds that the plain import of such language is that the Legislature requires that the report be made available by the order of the court. (See McKinney’s Cons Laws of NY, Book 1, Statutes, § 94.) The legislative intent is to be garnered from the plain language of the statute with consideration of the general purpose and spirit of the law and the mischief to be remedied and with an avoidance of objectionable consequences such as inconvenience, unreasonableness, absurdity, hardship or injustice (McKinney’s Cons Laws of NY, Book 1, Statutes, §§ 92, 94, 95, 96, 142, 143, 145, 146). The Legislature clearly intended that the report not be indiscriminately available (CPL 390.50, subd 1), but that the court distinguish between the improper request and the proper demand of an appropriate party for disclosure and/or copying. This is a judicial function.
The Probation Department is, by law, the custodian of its own records (Executive Law, § 243; 9 NYCRR 348.1 [b]). Included among such records is the presentence report prepared pursuant to CPL article 390.
The obvious purpose of the Legislature in enacting chapter 132 of the Laws of 1984 was to make the presentence report generally more accessible to counsel and/or the defendant pro se. The spirit of such amendments was open disclosure and discussion of the information before the court in sentencing and/or appellate review of sentencing and the need to remedy the *239 mischief created by bureaucratic roadblocks to that process. Therefore, this court holds that the agency in custody of such records should be obligated to make them available pursuant to court order (cf. Public Officers Law, § 87).
To come to any other conclusion would involve this court in the additional and purely administrative obligation of physically supervising the records of an executive department of government, i.e., the Probation Department. The court would be obligated under such a construction of the statute to requisition the report from the Probation Department, make the necessary arrangements for examination and/or copying and, thereafter, return the report to the Probation Department. None of these are judicial functions. Indeed, the Legislature could not have intended such an absurd and bureaucratic result.
Such a procedure would only create another layer of administrative waste and exacerbate an already significant problem that the judicial branch has in the administration of its own records.
Accordingly, the Nassau County Probation Department is directed to make the presentence report in this matter available to either counsel on this pending appeal for their examination. Further, if counsel requests a copy, then, upon receipt of the appropriate fee for copies of records which shall not exceed 25 cents per photocopy page (see Public Officers Law, § 87, subd 1, par [b], cl iii), the Probation Department shall make such copy of the report and give said copy to counsel.