■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSEPH P. McCARTHY, Respondent.—Order unanimously reversed, on the law, and motion denied. Memorandum: The court erred in dismissing the indictment because of legal insufficiency.

The indictment charged defendant with reckless endangerment in the first degree (Penal Law § 120.25), criminal mischief in the fourth degree (Penal Law § 145.00 [1]), and falsely reporting an incident in the third degree (Penal Law § 240.50 [3]). The testimony before the Grand Jury was that shortly after 3:30 A.M. on October 13, 1985 Donald Perkins, while in TJ's Tavern, had an altercation with defendant, who threatened his life. Perkins and his girlfriend then returned to his trailer and, shortly after getting into bed, heard a noise which sounded like a rock striking the trailer window. Upon investigation, Perkins discovered that a deer slug had been fired through the trailer window and had lodged in the bathroom door. The Sheriff's Department was notified and while on the

scene the Deputy observed a white vehicle going by the trailer with no headlights on. The officers pursued the vehicle and next observed it moving slowly along the road's right shoulder. The officers stopped the vehicle, which was occupied by defendant and his girlfriend; upon being questioned, they denied any involvement in the shooting. The next morning a further search of the area revealed a shotgun along the side of the road where defendant's car had been stopped. Tests performed on the shotgun showed that the deer slug fired through Perkins' trailer window came from this gun. Later that day, defendant called the Sheriff's Department to report a burglary in his home. Defendant told the Deputies that someone had broken into his home during the night and stolen his shotgun. Defendant testified that the stolen shotgun was the one found near the scene of the crime. The testimony of a prisoner, Steven A. Mann, was also presented to the Grand Jury. He testified that on October 21, 1985, while in custody, defendant stated that he had an argument with a man named Don and had fired a shotgun blast through his trailer.

On a motion to dismiss an indictment for insufficient evidence, the test is "whether there has been a 'clear showing' that the evidence if unexplained and uncontradicted would not warrant conviction by a trial jury" *(People v Leonardo,* 89 AD2d 214, 217, *affd* 60 NY2d 683). The evidence must be viewed in the light most favorable to the People and only a prima facie case must be presented *(People v Finnerty,* 69 NY2d 103; *People v Seifert,* 113 AD2d 80, 85). Applying this test, we conclude that the evidence before the Grand Jury was sufficient to sustain the indictment. (Appeal from order of Supreme Court, Erie County, Kubiniec, J.—motion to dismiss indictment.) Present—Dillon, P. J., Doerr, Denman, Pine and Lawton, JJ.