OPINION OF THE COURT
Robert G. Bogle, J.
Defendant, Ira H. Erdman, is charged with a violation of *359 section 1110 (a) of the New York Vehicle and Traffic Law, to wit, failure to obey a traffic control device. A violation of this section is a traffic infraction and a moving violation.
A trial of this action was held before the court on June 14, 1989. Two witnesses, the police officer and the defendant, testified. The facts of this case are essentially undisputed. On January 18, 1989 at approximately 9:00 a.m. the defendant parked his vehicle on Rockaway Avenue near Wheeler Avenue Grammar School in Valley Stream, Nassau County, New York. A sign was posted at that location, which specifically said "no stopping between 8:00 a.m. and 4:00 p.m.” He exited his automobile with his daughter and then proceeded into the school to drop her off for the day’s classes. Upon returning to his car, the police officer asked for his driver’s license and issued the defendant an appearance ticket for failure to obey a traffic control device, a violation of Vehicle and Traffic Law § 1110 (a).
The defendant moves to dismiss the charge on two primary grounds: (1) that the sign in question is not a traffic control device and (2) that the nature of the offense does not constitute a moving violation. Therefore, the defendant contends, he is improperly charged and the action must be dismissed.
The definition of a traffic control device may be found in section 153 of the Vehicle and Traffic Law, which states that traffic control devices are "[a]ll signs, signals, markings, and devices not inconsistent with this chapter placed or erected by authority of a public body or official having jurisdiction for the purpose of regulating, warning or guiding traffic.” One of the primary purposes of a traffic control device is the safety of a highway to accommodate an adequate number of vehicles with minimum delay, resulting in an orderly traffic flow (17 NYCRR 200.2 [a]). Signs regarding "no parking” or "prohibition signs” are expressly included in that category. (See, 17 NYCRR 221.5.)
Therefore, based upon the aforementioned, it is clear a no parking sign is a traffic control device. However, it is unclear if the circumstances in the case at bar constitutes a moving violation.
Surprisingly, this court has determined after an exhaustive search of the law, that there is no definition of the term "moving violation”. In the absence of such a definition, this court shall examine analogous case law and statutes to determine if, indeed, section 1110 (a) of the Vehicle and Traffic Law was violated.
*360 Section 129 of the Vehicle and Traffic Law defines parking as "the standing of a vehicle, whether occupied or not, otherwise than temporarily”. It has been held that "parking” may be a short duration and has in it the element of an automobile in use being temporarily placed until it is about to be again put into service and use. (Incorporated Vil. of Great Neck v Green, 8 Misc 2d 356 [Nassau County 1957], affd 5 AD2d 779 [2d Dept 1958].) On the other hand, the "operation” of the vehicle occurs when a person begins to " 'manipulate the machinery of the motor for the purpose of putting the automobile in motion’ ”. (People v David W., 83 AD2d 690 [3d Dept 1981].)
In the case at bar, the defendant turned off the ignition of his vehicle. He then left his vehicle for a few moments to walk his daughter into the nearby school. Such activity was not a mere temporary unloading but was the complete termination of the operation of the automobile. Therefore, it would appear that the actions of the defendant were tantamount to parking and not the active operation of the automobile.
Perhaps the defendant’s strongest argument favoring dismissal rests in his concern that "points” may be assessed against his driver’s license if he is convicted of an infraction of this nature. Section 510 (3) (d) of the Vehicle and Traffic Law states that a driver’s license may be suspended for habitual violations of the Vehicle and Traffic Law. Vehicle and Traffic Law § 523-a, "provides that the [Commissioner [of Motor Vehicles] shall establish criteria, based on driving record, for requiring attendance at a driver improvement clinic.” (15 NYCRR 131.1; emphasis added.) The criteria established is the use of point values being assigned to different violations of the Vehicle and Traffic Law, and having these points added to the defendant’s driving record. A person may have his license revoked after accumulating 11 points or more within an 18-month period. (15 NYCRR 131.4 [c] [1].) A conviction of a failure to obey a traffic control device carries a penalty of two points (15 NYCRR 131.3 [a].) A conviction of a parking violation carries no points. (15 NYCRR 131.3 [b] [7] [iv].) However, it is most important to note that the Commissioner’s criteria does not value points for any violation "not resulting from the operation of a motor vehicle” (15 NYCRR 131.3 [b] [7] [vii]; emphasis added).
Therefore, it is clear from the facts presented in the case at bar that the defendant did not violate Vehicle and Traffic Law §1110 (a), failure to obey a traffic control device. Although a *361 no parking sign is technically considered a traffic control device, the intent of the statute should be with consideration for the spirit of the law and with an avoidance of an absurd result, unreasonableness, hardship and injustice. (People v Zavaro, 126 Misc 2d 237, 238 [Nassau County Ct 1984]; McKinney’s Cons Laws of NY, Book 1, Statutes §§ 96, 143, 145, 146.) Here, the spirit of the law would be violated in assessing points against the defendant, since the vehicle was not in operation, and therefore no true moving violation actually occurred.
Indeed, it would appear that if the defendant were guilty of any traffic infraction, it would be a parking violation. However, as the People have not moved to amend, that issue is not before the court. (People v Spiegelman, 142 Misc 2d 617 [Nassau County 1989]; People v Baron, 107 Misc 2d 59 [App Term 1980].)
Accordingly, this court finds the defendant not guilty of the offense charged and grants his motion to dismiss the violation.