OPINION OF THE COURT
John V. Vaughn, J.
Defendant has orally moved to dismiss count 2 of the indictment (criminal solicitation in the fifth degree) upon the ground that the Grand Jury may not indict for a violation.
The cases relied upon by the defendant in support of the proposition that a Grand Jury may not indict for a violation (People v Du Pont, 28 AD2d 1135; People v Clairborne, 36 AD2d 500, revd 29 NY2d 950) dealt with the prior Code of Criminal Procedure and are not controlling. CPL 200.20 provides in part: "1. An indictment must charge at least one crime and may, in addition, charge in separate counts one or more other offenses, including petty offenses”.
The Penal Law defines an offense as conduct for which a *608 term of imprisonment or a fine may be imposed (Penal Law § 10.00 [1]). A violation, under the statute, is an offense, other than a traffic infraction, for which a term of imprisonment up to 15 days may be imposed. Finally, a petty offense is defined as a violation or traffic infraction (CPL 1.20 [39]). It is apparent that the earlier cases are no longer controlling and a Grand Jury may indict for a violation so long as one crime is charged in a separate count in the indictment (1 Waxner, NY Grim Prac ¶ 8.21 [1]).
Accordingly, the motion to dismiss count 2 of the indictment is denied.