OPINION OF THE COURT
Susan T. Kluewer, J.
Defendant’s motion to dismiss the accusatory instrument on *381 the ground that it is facially defective (see CPL 170.30 [1] [a]; 170.35 [1] [a]) or, alternatively, in the interests of justice (see CPL 170.40), is denied.
Defendant stands accused, in a two-count information, of making a punishable false written statement (Penal Law § 210.45), a class A misdemeanor, and falsely reporting an incident in the third degree (Penal Law § 240.50 [3] [c]), a class A misdemeanor. Both charges stem from an incident that occurred on January 11, 2001, when defendant was employed as a private security officer assigned to cover an apartment building on Terrace Avenue in Hempstead, New York. Two other security officers — Tyrone Saunders and Aaron Larkins — were on duty with defendant when, it is alleged in the several supporting depositions annexed to the accusatory instrument, a person named Gary Fitzgerald entered the building and began giving Security Officer Saunders some trouble. It is alleged in the supporting deposition made by Security Officer Saunders that the three security officers proceeded to punch and hit Mr. Fitzgerald; that defendant hit Mr. Fitzgerald with a stick which had a knife attached to one end; that Security Officer Larkins grabbed the knife end of the stick and cut his hand; that Mr. Fitzgerald ultimately ran out of the security office but was subdued outside; that defendant “called a code red on his radio”; that defendant took a large kitchen knife from a desk drawer and threw it on the floor; that defendant told him (Security Officer Saunders) that “we should tell the police that Fitzgerald cut Larkins with the knife”; that when they arrived, police took statements from him and defendant at the same time; that defendant told the investigating police officer that “the knife on the floor had been used by Fitzgerald to cut Larkins”; and that, when the police officer confronted defendant with the fact that there was no blood on the knife, defendant “stated to the officer that a different knife had been used by Fitzgerald.” According to the supporting deposition of Police Officer Richard Holland, who attests he was involved in the investigation of the incident, defendant reported to him “in a supporting deposition” that Mr. Fitzgerald “ ‘pulled out a knife and cut [Security Officer Larkins] across the hand causing a severe laceration.’ ” The supporting deposition made by defendant, which contains the factual allegation to which Officer Holland refers and which bears the notice “any false statement MADE IN THIS DEPOSITION IS PUNISHABLE AS A CLASS A MISDEMEANOR PURSUANT TO SECTION 210.45 OF THE PENAL LAW,” ÍS *382 also annexed to the accusatory instrument. Finally, according to the supporting deposition of Mr. Fitzgerald, which is among those annexed to the accusatory instrument, Mr. Fitzgerald was not carrying a knife or any other sharp object on January 11, 2001, and did not pull a knife on anyone, but was himself cut when security officers had him on the ground. Mr. Fitzgerald alleges, and both sides agree, that Mr. Fitzgerald was arrested and jailed as a result of this incident, although it is otherwise apparent that the charges against Mr. Fitzgerald were, following investigation of the incident by the District Attorney’s Special Investigations Bureau, ultimately dismissed. Defendant was then charged with the crimes noted above.
The gravamen of defendant’s sufficiency attack on count one of the accusatory instrument — making a punishable false written statement — is that there is no nonhearsay factual allegation supporting the accusatory allegation that defendant “knowingly” made a false statement when he asserted in a supporting deposition that Mr. Fitzgerald “pulled out a knife and cut [Security Officer Larkins] across the hand causing a severe laceration.” The gravamen of his sufficiency attack on count two — falsely reporting an incident in the third degree — is that each of the supporting depositions demonstrates that defendant “was responding to a police investigation” and that, as a matter of law, a person cannot “gratuitously” provide false information to police (see Penal Law § 240.50 [3] [c]) when the information is “solicited” by them. Finally, defendant urges in support of that branch of his motion which is for dismissal in the interests of justice that there are “indicators that possibly the wrong person is being prosecuted.” In that regard, he points to a notation in the unsworn crime report relating to Mr. Fitzgerald’s arrest that Mr. Fitzgerald made an admission that he pulled out a knife, a statement that, in his supporting deposition, Mr. Fitzgerald denies making.
It is correct, as defendant asserts, that, to be sufficient, a count of an information must, together with any depositions annexed to it (see CPL 100.20), contain sworn, nonhearsay factual allegations supporting every element of the offense charged in the accusatory part of the information, and defendant’s commission thereof (CPL 100.15, 100.40). But those nonhearsay factual allegations are sufficiently supportive if they give rise to a reasonable inference that a defendant committed a particular element of the charged offense, including the element that an act was “knowingly” done (see generally, People v Henderson, 92 NY2d 677 [1999]; see also People v Mi *383 zell, 72 NY2d 651 [1988]; People v Zorcik, 67 NY2d 670 [1986]; People v McGee, 204 AD2d 353 [2d Dept 1994]). Moreover, as defendant concedes in reply, a direct attestation by a supporting deposition witness of admissions or other statements made by a defendant, including those that are offered, not to prove the truth of the matter asserted, but rather to prove that defendant made them, constitute proper assertions of fact (see People v Casey, 95 NY2d 354 [2000]). In light of these principles, Security Officer Saunders’ direct attestations that defendant took out a knife, that he threw it on the floor, and that he stated “we should tell the police that Fitzgerald cut Larkins with a knife” support the accusatory allegation that defendant knew his subsequent written, verified statement was false (Penal Law § 210.45; see CPL 100.30 [1] [d]). Defendant’s attack on the first count of the information is thus without merit.
Defendant’s attack on the second count is on surer footing, but is nonetheless unavailing. There is, indeed, authority (see People v Clairborne, 36 AD2d 500 [2d Dept 1971], revd on other grounds 29 NY2d 950 [1972], on remand 39 AD2d 587 [2d Dept 1972]; People ex rel. Morris v Skinner, 67 Misc 2d 221 [Sup Ct, Monroe County 1971, Boomer, J.]) for the argument that a defendant who gives false information to police merely in response to their questioning cannot be guilty of “[g]ratuitously * * * [reporting] to a law enforcement officer * * * false information relating to an actual offense or incident or to the alleged implication of some person therein” (Penal Law § 240.50 [3] [c]). Thus, under this authority, an accusatory instrument charging a defendant with violating Penal Law § 240.50 (3) is facially defective where it demonstrates that a defendant gave false information about an actual incident, or someone else’s involvement in it, only upon solicitation by police who are at the scene through no act of the defendant’s (cf. id.). In this case, however, the accusatory instrument and the supporting depositions annexed to it contain nonhearsay factual allegations which, if true, demonstrate that defendant initiated contact with the police, and, prior to their arrival, “voluntarily” and without solicitation from anyone, concocted the false allegation that Mr. Fitzgerald “cut” Security Officer Larkins, which concoction, upon police arrival, he conveyed to them both orally and in writing (cf. id.; see also People v McCarthy, 126 AD2d 935 [4th Dept 1987]). The accusatory instrument in this case thus contains nonhearsay factual attestations supporting the accusatory allegation that defendant “gratuitously” — as that *384 term is interpreted by available authority — reported false information about Mr. Fitzgerald’s involvement in the incident of January 11, 2001 (id.). Defendant’s motion insofar as it is directed at count two of the information is therefore denied.
Defendant’s application for the special relief of dismissal in the interests of justice (CPL 170.40) is inadequately grounded. Indeed, defendant’s mention of only one factor — the claimed “indicators” that the wrong person is the subject of prosecution (cf. CPL 170.40 [1] [c]) — hardly provides a basis for the requisite consideration and thorough analysis of all relevant factors (see People v Calderon, 287 AD2d 729 [2d Dept 2001]; cf. CPL 170.40 [1]). Nor does it permit any balancing of the interests of the individual and the People, let alone a sensitive one (see People v Rickert, 58 NY2d 122 [1983]). In any event, defendant, no stranger to the criminal justice system, is alleged to have engaged in conduct that caused concrete harm to at least one individual, that seriously undercuts the public order, that is of the sort that the Legislature obviously had in mind when it enacted, e.g., Penal Law § 240.50 (3), and the condonation of which undermines confidence in the criminal justice system (see Penal Law arts 240, 210; see also People ex rel. Morris v Skinner, supra; CPL 170.40 [1] [a], [b], [g], [h]). The third branch of defendant’s motion is, accordingly, also denied.