OPINION OF THE COURT
Michael F. McKeon, J.
Defendant moves to dismiss an accusatory instrument charging him with falsely reporting an incident in the third degree in violation of Penal Law § 240.50 (3) (a) on grounds that a false statement he made to the police was the result of solicitation and not gratuitously given as required by the statute.
According to the information and supporting affidavits, on June 26, 2002 the defendant was questioned by Investigators McLeod and Weeks of the Cayuga County Sheriff’s Department concerning a robbery and assault which occurred at the *251 Highway Oil Gas Station in the Town of Aurelius. The next morning the defendant told his mother that Investigator Weeks had stolen $300 from him during that questioning. His mother then proceeded to call the State Police who sent Investigators Gould and Stebbins to investigate the defendant’s claim. While present at his mother’s residence, the defendant repeated his stolen money claim to the two investigators. Two days later the defendant in a written statement admitted that the claim was false.
Penal Law § 240.50 (3) (a) reads in pertinent part as follows:
“A person is guilty of falsely reporting an incident in the third degree when, knowing the information reported, conveyed or circulated to be false or baseless, he: * * * [gratuitously reports to a law enforcement officer or agency (a) the alleged occurrence of an offense or incident which did not in fact occur.”
The issue presented is whether the statements to the two State Police investigators on June 26, 2002 were made gratuitously as that term has been defined. The term gratuitously has been interpreted to mean “volunteered and unsolicited” and held not to apply to false answers given to police officers in response to questions put by them during the course of an investigation. (People ex rel. Morris v Skinner, 67 Misc 2d 221 [1971]; see also People v Clairborne, 36 AD2d 500, revd, on other grounds 29 NY2d 950 [1972].) In both these cases, the courts dismissed informations charging the defendants with falsely reporting an incident in the third degree.
In the case herein, although the information was given in response to questioning by two investigators, it must be noted that the investigators were there as a result of a complaint by the defendant’s mother after the defendant, her 18-year-old son, had informed her that a deputy sheriff had stolen $300. Therefore, the presence of the investigators resulted from contact initiated by the defendant’s mother, an action set in motion by the defendant’s claim. Thus this court concludes that the defendant started a chain of events resulting in police questioning and therefore was responsible for initiating police contact. Under these circumstances the initial statements by the defendant were made gratuitously and were not the product of solicitation by law enforcement. (See People v Li, 192 Misc 2d 380 [2002].)
Moreover, in the context of this case, an absurd result would be reached if the court determined to the contrary. Such a *252 result would allow a citizen to make a false complaint about a law enforcement officer, thereby setting in motion a police investigation, repeat that claim while being questioned and then be able to avoid criminal charges simply because the investigating officers asked questions first without waiting for the information to be volunteered. Such an interpretation would violate the spirit and intent of this criminal statute. (See People v Zavaro, 126 Misc 2d 237 [1984]; People v Erdman, 145 Misc 2d 358 [1989].)
Accordingly, the defendant’s motion to dismiss the information charging him with falsely reporting an incident in the third degree is hereby denied.