■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT TAYLOR, Appellant. [913 NYS2d 308]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered March 24, 2009, convicting him of falsely reporting an incident in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In the early morning hours of May 6, 2007, the defendant appeared at Queens General Hospital for treatment of a gunshot wound to his left foot. After the hospital notified the police, New York City Police Officer Warren Savage responded to the hospital, and asked the defendant what had happened. The defendant answered that, while he was standing on the corner of 157th Street and South Road in Jamaica, Queens, an unknown black male fired shots at the ground, and he was struck in the foot. The defendant was subsequently transferred to another hospital, where he gave a similar account to New York City Police Detective Charles LoPresti. Detective LoPresti told the defendant that he did not believe his story and warned the defendant that if his account proved to be false, he would be charged with filing a false police report. The defendant then changed his story, and told Detective LoPresti that he had been drinking in a bar on Linden Boulevard, between 111th and 116th Streets, a location within the 113th Precinct. He stated that, when he left the bar, he was shot by someone he did not see. The defendant wrote out this account in Detective LoPresti's presence.

Detective LoPresti notified the 113th Precinct, and Detective Daniel Bendig came to the hospital and questioned the defendant. The defendant changed his story again, this time telling Detective Bendig that he had been at a house near 107th Avenue and 105th Street watching a boxing match, when he got into an altercation over a bet with a man named "Drew Hamilton," who pulled out a gun and shot him in the foot. Detective Bendig subsequently initiated efforts to locate "Drew Hamilton." His computer check, however, produced no information. After the defendant was released from the hospital, Detective LoPresti reinterviewed him. This time, the defendant admitted, in another written statement, that he had been drinking in a bar near Sutphin and Linden Boulevards in Jamaica, became intoxicated, and shot himself in the foot when he dropped his .22 caliber handgun while leaving the bar.

The defendant was subsequently indicted for criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and two counts of falsely reporting an incident in the third degree. At trial, the People presented evidence of the police investigation and the defendant's statements. Testifying in his own behalf, the defendant told the jury that his father had shot him during an argument, and that he had inculpated himself only to protect his father. The defendant acknowledged that he had made the earlier false statements to Detectives LoPresti and Bendig.

In summation, defense counsel focused entirely on the weapon possession counts and did not address the two counts of falsely reporting an incident in the third degree. The People addressed the latter counts only briefly, arguing, inter alia, that the defendant had admitted at trial that the statements were false:

"He told the police it's false and he admitted to you on the stand that he freely and voluntarily wrote out that statement and it was a complete lie.

"So, he's got both counts of falsely reporting an incident to the police, without any doubt. He knew those statements were false and he told the police the statement [sic] anyway.

"Right there, guilty of Counts III and IV of the indictment. It doesn't matter why he lied, ladies and gentlemen. He lied, he is guilty, end of story."

With respect to the two counts of falsely reporting an incident in the third degree, the Supreme Court instructed the jury as follows:

"Under our law a person is guilty of falsely reporting an incident in the third degree, when knowing the information reported, conveyed or circumstances relayed to be false, he gratuitously reports to a law enforcement agency the alleged occurrence of the offense which did not in fact occur . . . [The People] under the third count are required to prove, from all of the evidence, beyond a reasonable doubt two elements: One, that on or about May 6, 2007, in the County of Queens, the defendant falsely reported information regarding an offense or incident to law enforcement information which did not occur within the confines of the 103rd Precinct; and two: He did so knowingly.

"If you find the People have proven both of these elements beyond a reasonable doubt under the third element, you must find the defendant guilty.

"The elements are the same. The two elements the People must prove beyond a reasonable doubt, one, on or about May 6,

2007, in our County of Queens this defendant falsely reported information regarding an offense to law enforcement agencies that did not occur—that's from the 103rd Precinct—and, secondly, he did so knowingly. The fourth count is the exact same elements but in the confines of the 113th Precinct, and did so knowingly."

Defense counsel raised no objection to the charge. Later, when the jury asked for a "breakdown" of the elements of the two counts of falsely reporting an incident in the third degree, the Supreme Court instructed: "The elements are the same. The two elements the People must prove beyond a reasonable doubt, one, on or about May 6, 2007, in our County of Queens this defendant falsely reported information regarding an offense to law enforcement agencies that did not occur that's from the 103rd Precinct—and, secondly, he did so knowingly. The fourth count is the exact same elements but in the confines of the 113th Precinct, and did so knowingly."

Again, the defendant failed to object. After further deliberations, the jury acquitted the defendant of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, but convicted him of both misdemeanor counts of falsely reporting an incident in the third degree.

The defendant does not dispute that the Supreme Court correctly defined the crime of falsely reporting an incident in the third degree by instructing the jury that a person is guilty of that crime "when, knowing the information reported, conveyed or [circumstances relayed] to be false . . . he . . . [g]ratuitously reports to a law enforcement . . . agency . . . the alleged occurrence of [the] offense . . . which did not in fact occur" (Penal Law § 240.50 [3] [a]). In describing the elements of the crime, however, the Supreme Court instructed the jury that "[t]he two elements the People must prove beyond a reasonable doubt, one, on or about May 6, 2007, in our County of Queens this defendant falsely reported information regarding an offense to law enforcement agencies that did not occur . . . and, secondly, he did so knowingly." The defendant argues that the Supreme Court erred in omitting the element that the false report must be "gratuitously" made. The defendant, however, did not object to the Supreme Court's failure to include, as an element of the crime, that the false reports were made "gratuitously," and we reject the defendant's request that we exercise our interest of justice jurisdiction to review his claim regarding the Supreme Court's charge.

The defendant further contends that the evidence was legally

insufficient to establish his guilt of falsely reporting an incident in the third degree. In *People v Dekle* (56 NY2d 835, 837 [1982]), the Court of Appeals wrote: "[There is no] due process violation when there is evidence from which a rational trier of fact could find the essential elements of the crime *as those elements were charged to the jury without exception* beyond a reasonable doubt. There is neither constitutional nor jurisprudential error in permitting guilt to be determined under a penal statute as construed by the common assumption of both attorneys and the court. To hold otherwise is to encourage gamesmanship and waste judicial resources in order to protect a defendant against a claimed error protection against which requires no more than a specific objection on his part." Here, measured against the elements as charged to the jury without exception, the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Ford*, 11 NY3d 875, 878 [2008]; *People v Sala*, 95 NY2d 254 [2000]; *People v Udzinski*, 146 AD2d 245, 251 [1989]).

The defendant's remaining contention is without merit. Skelos, J.P., Fisher and Angiolillo, JJ., concur.

Leventhal, J., dissents, and votes to reverse the judgment appealed from, on the law and as a matter of discretion in the interest of justice, and to dismiss counts three and four of the indictment, with the following memorandum, in which Santucci, J., concurs: I respectfully dissent. Although the trial court initially provided the jury with the correct charge in describing the elements of the crime of falsely reporting an incident in the third degree (*see* Penal Law § 240.50 [3] [a]), the trial court subsequently erred when it later omitted the element that the false report must be "gratuitously" made. Thereafter, upon a jury verdict, the defendant was convicted of two counts of falsely reporting an incident in the third degree. As the defendant acknowledges, this contention is unpreserved for appellate review (*see* CPL 470.05 [2]), but I would reach it in the exercise of our interest of justice jurisdiction and reverse the judgment of conviction.

Among other cases, the majority relies upon *People v Dekle* (56 NY2d 835 [1982]) to conclude that the evidence was legally sufficient to establish the defendant's guilt of falsely reporting an incident in the third degree beyond a reasonable doubt. In *Dekle*, the defendant moved for a trial order of dismissal of a robbery count on the ground that there was no possibility of the existence of an "immediate" threat of use of physical force since the defendant was unable to open a folded knife that required two hands to open, and the defendant had only one

hand free. The trial court denied the defendant's motion, charging the jury that "immediate" had its ordinary meaning, and did not require proof of a specific, limited lapse of time, measured from the onset of the altercation, in order to convict him. The defendant did not object to that definition. On appeal, the defendant argued, for the first time, that the trial court should have charged the jury that the word "immediate" requires some minimal temporal and geographic proximity to the taking of the property. *Dekle* is distinguishable from the instant case, as the Court of Appeals does not have interest of justice jurisdiction. Moreover, in *Dekle*, the trial court did charge the jury with respect to all of the elements of the crime, whereas the trial court here failed to include the element of gratuitousness in the subject charge.

Although the word "gratuitously" is undefined in the Penal Law, this Court has held that a defendant does not commit the crime of falsely reporting an incident in the third degree when the defendant does not initiate contact with the police and merely gives false information in response to an officer's inquiries (*see People v Clairborne*, 36 AD2d 500 [1971], *revd on other grounds* 29 NY2d 950 [1972]; *cf. People v Ellis*, 77 AD3d 496 [2010] [evidence established that a defendant's 911 call in which he reported an assault that did not occur was a "gratuitous" report within the meaning of Penal Law § 240.50 (3), where no one compelled the defendant to place the call and the defendant's supervisor, at most, suggested that he do so]). Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), the evidence was legally insufficient to support the defendant's convictions beyond a reasonable doubt. Under the circumstances, it cannot be said that the defendant "gratuitously" reported false information to the police (*see* Penal Law § 240.50 [3] [a]; *People v Clairborne*, 36 AD2d 500 [1971]; *People v Oliver*, 193 Misc 2d 250 [2002]; *People v Li*, 192 Misc 2d 380 [2002]; *People ex rel. Morris v Skinner*, 67 Misc 2d 221 [1971]).

Moreover, even assuming that the evidence was legally sufficient, I believe that the defendant was also deprived of his right to a fair trial because the trial court failed to adequately "state the material legal principles applicable to [this] case" (CPL 300.10 [2]; *see People v Cordes*, 71 AD3d 912 [2010]; *People v Alvarez*, 96 AD2d 864, 865 [1983]; *People v Davila*, 59 AD2d 536, 537 [1977]). As the evidence of the defendant's guilt was not overwhelming, harmless error analysis is inapplicable (*see People v Crimmins*, 36 NY2d 230, 241 [1975]). Inasmuch as the defendant has already completed his sentence, the appropriate

remedy is not a new trial but the dismissal of counts three and four of the indictment charging him with violating Penal Law § 240.50 (3) (a) (*see People v Flynn*, 79 NY2d 879, 882 [1992]; *People v Simmons*, 32 NY2d 250, 253 [1973]; *People v Barreto*, 70 AD3d 959, 959-960 [2010]).