Appeal from a judgment of the Livingston County Court (Robert B. Wiggins, J.), rendered January 6, 2015. The judgment convicted defendant, after a nonjury trial, of falsifying business records in the first degree, making a punishable false written statement, and falsely reporting an incident in the third degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him following a bench trial of falsifying business records in the first degree (Penal Law § 175.10), making a punishable false written statement (§ 210.45), and falsely reporting an incident in the third degree (§ 240.50 [3] [a]). We reject defendant’s contention that the evidence is not legally sufficient to support those convictions. Viewing the evidence in the light most favorable to the People, as we must (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that there is a valid line of reasoning and permissible inferences that could lead a rational person to the conclusion reached by County Court with respect to each count (see People v Bleakley, 69 NY2d 490, 495 [1987]; see generally People v Danielson, 9 NY3d 342, 349 [2007]).
With respect to the count of falsifying business records in the first degree, the evidence established that, at a bank, defendant completed and signed a form wherein he alleged that another individual had used his debit card without his permission and made a series of unauthorized withdrawals from an ATM machine. Photographic evidence taken at the ATM *1786 machine from the dates and times reported on the form established that defendant himself made the alleged unauthorized withdrawals. Thus, the evidence established that defendant “intenfded] to commit” the crime of larceny by seeking reimbursement for overdraft fees associated with those transactions (Penal Law § 175.10).
With respect to the counts charging him with making a punishable false written statement and falsely reporting an incident in the third degree, we reject defendant’s contention that the evidence is legally insufficient with respect to the element of knowledge. Defendant was directed by bank personnel that he must file a criminal complaint in order to recover overdraft fees he claimed were generated by the unauthorized transactions, and the court was entitled to credit the testimony of the People’s witnesses, and not defendant’s testimony, in determining that defendant’s report of the theft to the police and his written statement were knowingly false (see generally Danielson, 9 NY3d at 349; Bleakley, 69 NY2d at 495).
Present — Whalen, P.J., Carni, NeMoyer, Troutman and Scudder, JJ.