# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**962**

**KA 15-01774**

PRESENT: SMITH, J.P., CARNI, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

        V                                              MEMORANDUM AND ORDER

ROGER W. BARTO, DEFENDANT-APPELLANT.

---

MULDOON, GETZ & RESTON, ROCHESTER (GARY MULDOON OF COUNSEL), FOR DEFENDANT-APPELLANT.

BARRY L. PORSCH, DISTRICT ATTORNEY, WATERLOO, FOR RESPONDENT.

---

Appeal from a judgment of the Seneca County Court (Dennis F. Bender, J.), rendered October 13, 2015. The judgment convicted defendant, upon a jury verdict, of insurance fraud in the third degree, falsifying business records in the first degree, defrauding the government and falsely reporting an incident in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed and the matter is remitted to Seneca County Court for proceedings pursuant to CPL 460.50 (5).

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of insurance fraud in the third degree (Penal Law § 176.20), falsifying business records in the first degree (§ 175.10), defrauding the government (§ 195.20), and falsely reporting an incident in the third degree (§ 240.50 [3]). The charges arose from allegations that defendant, while serving as an acting Village Justice in Waterloo, falsely reported to the police that he had been assaulted outside the courthouse after conducting an evening arraignment. According to defendant, he had been approached from behind by an unknown assailant and strangled with a ligature for approximately 30 seconds before he was able to break free. The assailant then struck defendant over the head with a hard object that broke into pieces upon impact, causing defendant to fall to the ground and lose consciousness. When he regained consciousness, defendant called the police from his cell phone. The police arrived within minutes to find defendant slumped on the ground outside the courthouse door, leaning against a railing. Broken pieces of a porcelain toilet tank lid were on the ground next to defendant. Although defendant had no visible injuries, he was taken to the hospital, where he complained of severe pain. While in the hospital, defendant underwent extensive testing to determine the cause of his pain, but those tests—including multiple CT scans, MRIs and X rays—showed nothing abnormal.

Upon defendant's discharge from the hospital, he was charged by a sealed indictment with falsely reporting an incident in the third degree, defrauding the government, falsifying business records in the first degree, and insurance fraud in the third degree, among other offenses. Those charges were based on the People's theory that defendant lied to the police about being attacked so that he could obtain prescription pain medication. The matter proceeded to trial, where the jury rendered a guilty verdict on all submitted counts. County Court sentenced defendant to six months in jail and five years of probation. At sentencing, defendant paid restitution of $41,477.20 to Seneca County for the costs of his medical treatment.

With respect to all counts, defendant contends generally that the evidence is legally insufficient and that the verdict is against the weight of the evidence because the People failed to prove beyond a reasonable doubt that he lied to the police about being attacked. We reject that contention. In our view, the medical evidence provides compelling proof that defendant was not attacked as he had claimed, and his varying accounts of the incident to the police further undermined his credibility. As the People's expert witnesses testified, and as common sense dictates, a person who is struck over the head with a porcelain toilet tank lid will sustain a discernible injury, however minimal. Defendant, however, had no cuts or bruises on his head, and extensive testing showed no internal injuries. Moreover, although defendant claimed to have been strangled with a ligature for approximately 30 seconds, there were no ligature marks on his neck and no petechial hemorrhage, which, according to the People's expert, one would expect to see on a person who had been attacked in that manner.

Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), and affording them the benefit of every favorable inference (*see People v Bleakley*, 69 NY2d 490, 495), we conclude that there is a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial" (*id*.), i.e., that defendant falsely reported to the police that he had been attacked, which is the underlying factual basis of all of the charges. Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we further conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Even assuming, arguendo, that a different verdict would not have been unreasonable, "the jury was in the best position to assess the credibility of the witnesses," including defendant, who took the stand at trial, and it cannot be said that the jury failed to give the evidence the weight it should be accorded (*People v Orta*, 12 AD3d 1147, 1147, *lv denied* 4 NY3d 801; *see People v Kalinowski*, 118 AD3d 1434, 1436, *lv denied* 23 NY3d 1064).

We also reject defendant's more specific contention that the evidence is legally insufficient to support the charge of falsifying business records in the first degree. A person commits that crime when, with the intent to defraud, he or she "*[m]akes or causes* a false

entry in the business records of an enterprise" (Penal Law § 175.05 [1] [emphasis added]), and where the intent to defraud "includes an intent to commit another crime or to aid or conceal the commission thereof" (§ 175.10).  Here, the false business record at issue is a C-2 workers' compensation form filed with Seneca County by an administrator employed by the Village of Waterloo.  As defendant correctly contends, he did not file the form himself, and there is no evidence that he asked anyone to file it on his behalf.  Nevertheless, we conclude that it was reasonably foreseeable that a workers' compensation form would be filed on defendant's behalf as a result of his claim that he had been injured during the course of his employment (*see generally People v DaCosta*, 6 NY3d 181, 184), and the evidence is therefore sufficient to establish that defendant caused the false filing.  Indeed, we conclude that the jury could reasonably find that the filing of the false workers' compensation form was integral to defendant's intent to defraud.

Defendant's remaining sufficiency challenge relates to the charge of falsely reporting an incident in the third degree, which is committed when one knowingly and "[g]ratuitously" reports to the police an "alleged occurrence of an offense or incident which did not in fact occur" (Penal Law § 240.50 [3] [a]).  Defendant contends that he did not *gratuitously* report the assault because the police officers, upon arriving at the courthouse, asked him what happened, and he did not therefore volunteer any information.  It is undisputed, however, that defendant initiated the police contact by calling 911 and asking that an officer be sent right away to the courthouse, and that, upon the officers' arrival, defendant answered their inevitable questions about what happened.  Under the circumstances, we conclude that defendant gratuitously offered the false information to the police, albeit in two stages.

Defendant further contends that his sentence should be reduced in the interest of justice because of inappropriate statements made by the prosecutor at sentencing.  Although we find the prosecutor's statements to be highly improper, it does not appear that they influenced the court, which denied the prosecutor's request to impose the maximum sentence of 2⅓ to 7 years in prison and instead sentenced defendant to shock probation.  Based on our review of the entire record, we perceive no reason to exercise our discretion to modify that sentence in the interest of justice (*see* CPL 470.15 [6] [b]).

We have reviewed defendant's remaining contentions and conclude that they lack merit.

Entered:  November 18, 2016                    Frances E. Cafarell
                                               Clerk of the Court