People v Sassi (2018 NY Slip Op 00318)





People v Sassi


2018 NY Slip Op 00318


Decided on January 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

L. PRISCILLA HALL, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
LINDA CHRISTOPHER, JJ.


2016-05427
 (Ind. No. 127/12)

[*1]The People of the State of New York, respondent,
v
Richard Sassi, Jr., appellant.


Mark M. Baker, New York, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Craig S. Brown, J.), rendered May 18, 2016, convicting him of falsely reporting an incident in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of falsely reporting an incident in the third degree (see Penal Law § 240.50[2]) beyond a reasonable doubt (see People v Barto, 144 AD3d 1641, 1642; People v Krebbeks, 140 AD3d 1785, 1786; People v Taylor, 79 AD3d 944, 948). The defendant contends that the testimony of a prosecution witness was incredible as a matter of law. We conclude that the testimony of this witness, an individual whom the defendant had previously recruited as a confidential informant in the defendant's capacity as a county law enforcement officer, was credible as a matter of law. Nor was this a case "in which all of the evidence of guilt came from a single prosecution witness who gave irreconcilable testimony pointing both to guilt and innocence, leaving the jury without basis, other than impermissible speculation, for its determination of either" (People v Thomas, 139 AD3d 764, 765; see People v Delamota, 18 NY3d 107, 114). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Moreover, the County Court providently exercised its discretion in permitting the People to present testimony concerning attempted extractions of cell phones to recover deleted text messages, and in allowing testimony relating to the rules and regulations of the drug task force, since such testimony gave context to records that were admitted on consent (see People v Johnson, 137 AD3d 811, 812; People v Wisdom, 120 AD3d 724, 725), and the probative value was not outweighed by the prejudice to the defendant (see People v Brewer, 28 NY3d 271, 277; People v Beer, 146 [*2]AD3d 895, 896). Moreover, the court did not err in admitting into evidence certain portions of the defendant's testimony given at a prior trial on the instant indictment since such testimony constituted judicial admissions (see Harrison v United States, 392 US 219, 222; People v King, 158 AD2d 471, 471), was relevant, and demonstrated a consciousness of guilt on the defendant's part (see generally People v Kent, 79 AD3d 52, 69, mod 19 NY3d 290).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
HALL, J.P., AUSTIN, SGROI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court