OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant moved for a trial order of dismissal but the only basis given for the motion was that the element of immediacy required for conviction of robbery was not proved because the knife displayed was closed, required two hands to open and defendant had but one hand free. The court charged that “‘Immediately’ means straight away, promptly, has its ordinary meaning — no more and no less. No specific time is required for immediately.” Defendant took no exception. Defendant thus failed to preserve for our review the question he now argues: whether the time and distance between the taking and the *837 display of the knife foreclosed a jury finding that, as required by section 160.00 of the Penal Law, the threat of force occurred “immediately after the taking” (People v Stahl, 53 NY2d 1048,1050; People v Cona, 49 NY2d 26, 33, n 2).
Neither CPL 470.35 (subd 1) nor CPL 470.15 (subd 4, par [b]) requires a different conclusion. The former allows argument before us of a point not argued before the Appellate Division but preserved by protest at the trial level as required by CPL 470.05 (subd 2). The latter does not bring within CPL 470.35 (subd 2, par [b]) a question of law which, there having been an affirmance below, adversely affects the respondent in this court. Nor is there a due process violation when there is evidence from which a rational trier of fact could find the essential elements of the crime as those elements were charged to the jury without exception beyond a reasonable doubt. There is neither constitutional nor jurisprudential error in permitting guilt to be determined under a penal statute as construed by the common assumption of both attorneys and the court. To hold otherwise is to encourage gamesmanship and waste judicial resources in order to protect a defendant against a claimed error protection against which requires no more than a specific objection on his part.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed in a memorandum.