■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER BRUCE ROBARE, JR., Appellant. — Harvey, J. Appeal from a judgment of the County Court of Clinton County (Feinberg, J.), rendered November 7, 1983, upon a verdict convicting defendant of the crimes of robbery in the first degree, attempted sodomy in the first degree and assault in the third degree.

From the evidence introduced by the prosecution, it appears that at approximately 9:00 P.M. on July 8, 1983 in the City of Plattsburgh, a young male was riding his bicycle along Route 9 on his way to visit his employer. Defendant came up behind him, knocked him off his bicycle and forced him to accompany defendant to a place behind the Army Reserve Center. The victim was directed to remove his sneakers, watch and school ring, and was ordered to remove his pants and shirt upon the threat of the use of a razor. Defendant then took his penis out and demanded the victim perform a deviate sexual act. When the victim refused, defendant struck him in the mouth, knocking out two teeth, and left, taking with him the victim's sneakers, ring and watch.

On appeal, defendant major contentions are addressed to the robbery and attempted sodomy convictions. He contends that there was insufficient evidence of robbery in the first degree to sustain the conviction and that the trial court erred in its charge in that respect. We agree with both contentions.

During its deliberation, the jury requested clarification of the trial court's charge on robbery. After reading the appropriate sections, the trial court continued, with the use of hypothetical examples, in the following words:

"Robbery third, forcible stealing — a simple illustration is — a lady is standing on a street corner waiting for a bus and she has her handbag hanging down, somebody rushes by and grabs that handbag and runs away, forcible stealing. This is robbery in the third degree. Forcible stealing, period. Okay. We change the facts, simulate [sic] standing on the street corner, bag in hand, along comes the same fellow, he not only grabs the bag but just to make sure that she didn't chase him, he kicks her where she never had a kick and she falls down and she has an injury, that is robbery second.

"Now, the same lady, standing on the street corner with bag in hand, a fellow comes up, grabs for the woman's handbag. She grabs back, she said, 'Let go of that handbag, what do you think you are doing?' He says, 'You let go of that handbag or I will fill you with holes like swiss cheese; and I have something to do it

with' — such as this, that or the other thing. She lets go of the handbag. If you find there was a forcible stealing and the use or threatened use of physical force, then you would be justified in finding robbery first."

The trial court's illustration of robbery in the first degree was erroneous because it did not contain the necessary elements. As a general rule, "hypothetical illustrations should be avoided because of the likelihood that they may divert the jury" (*United States v Cassino,* 467 F2d 610, 619). Defendant objected to the charge, but the trial court failed to correct the error by subsequent instructions relative to. this issue (*see, People v Dean,* 56 AD2d 242, 253, *affd* 45 NY2d 651). The error of the charge is revealed in the discussion of the next point.

Defendant was indicted for robbery in the first degree under Penal Law § 160.15 (3) wherein the aggravating factor encompasses situations where a person "[u]ses or threatens the immediate use of a dangerous instrument". At the trial, the victim stated that defendant "threatened me with his razor blade, which I never saw". When asked if he ever saw a razor, the victim testified, "No, I did not." There was no evidence that defendant had a razor or razor blade in his possession at any time while he was with the victim. The Court of Appeals has construed Penal Law § 160.15 (3) to require a finding that defendant "actually possessed a dangerous instrument at the time of the crime" (*People v Pena,* 50 NY2d 400, 407, *cert denied* 449 US 1087). Because of the insufficiency of evidence of robbery in the first degree, the conviction for that crime must be reversed.

The trial court also erred in its charge concerning attempted sodomy. Instead of charging the jury on Penal Law § 130.00 as it existed on the date of the crime, the court charged the amended statute which was in existence at the time of the trial. However, there was no exception to the charge and thus no error of law was preserved for review (*People v Cipolla,* 6 NY2d 922, 923). Nor are we persuaded that reversal of this conviction is warranted in the interest of justice. Finally, we disagree with defendant's contention that there was insufficient evidence to establish beyond a reasonable doubt that defendant was guilty of the crime of attempted sodomy as it was defined in the applicable statute. The evidence "must be viewed in the light most favorable to the People since they have prevailed at trial" (*People v Kennedy,* 47 NY2d 196, 203). The testimony demonstrated an intent to commit sodomy and further evinced conduct which tended to effect the commission of sodomy in the first degree.

We have examined defendant's remaining contentions and have found them to be unpersuasive.

Since we find the evidence was insufficient to support defendant's conviction for robbery in the first degree, it must be reversed and the first count of the indictment dismissed (*People v Kidd*, 76 AD2d 665; *see*, CPL 470.20 [5]). Our dismissal of that count of the indictment is with leave to the People to resubmit to the Grand Jury on any lesser included offense (*People v Rodwell*, 100 AD2d 772, 773).

Judgment modified, on the law, by reversing the conviction for robbery in the first degree and dismissing the first count of the indictment, with leave to the People to re-present any appropriate charges to another Grand Jury, and, as so modified, affirmed. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.