■ PEOPLE v MICHAEL HILTON.—Motion to resettle the order of this court (145 AD2d 352) entered on December 20, 1988 granted, and the aforesaid order and the memorandum decision filed therewith are recalled, the order resettled as indicated, and a new memorandum decision substituted as follows:

Judgment, Supreme Court, New York County (Richard Carruthers, J.), rendered May 29, 1986, convicting defendant, after a jury trial, of burglary in the first degree (Penal Law § 140.30 [2]), robbery in the first degree (Penal Law § 160.15 [3]), attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [1]), assault in the first degree (Penal Law § 120.10 [4]), and assault in the second degree (Penal Law § 120.05 [1]), and sentencing him, as a second violent felony offender, to indeterminate concurrent prison terms of 12½ to 25 years on the burglary count, 7½ to 15 years on the attempted robbery and first degree assault counts, 3½ to 7 years on the second degree assault count, and a consecutive term of 8 to 16 years on the first degree robbery count, unanimously reversed, on the law, count two of the indictment dismissed, and the matter remanded for a new trial with leave to the People to re-present any appropriate charges to another Grand Jury.

On appeal, defendant argues, *inter alia,* that the lower court

erred when it discharged, without sufficient reason, a sworn juror during the trial. We agree. Accordingly, defendant's conviction must be reversed and a new trial ordered. *(See, e.g., People v Anderson,* 70 NY2d 729, 730.)

CPL 270.35 only permits dismissal of a sworn juror when that juror is found to be "grossly unqualified". The Court of Appeals has made it clear that while a court should " ' "lean toward disqualifying a prospective juror of dubious impartiality" ' " during voir dire, dismissal of a sworn juror is an entirely different matter and may only be done when " 'it becomes obvious that a particular juror possesses a state of mind which would prevent the rendering of an impartial verdict' " *(People v Buford,* 69 NY2d 290, 298, quoting from *People v Blyden,* 55 NY2d 73, 78, and dissenting opn of Mahoney, P. J., in *People v West,* 92 AD2d 620, 622, respectively; CPL 270.20 [1] [b]). The Court of Appeals has explained further that in conducting an analysis of whether a sworn juror meets the rigorous " 'grossly unqualified' " standard "the trial court may not speculate as to the likelihood of partiality, but rather, must be convinced, after a probing and tactful inquiry, that the sworn juror will be unable to deliberate fairly and render an impartial verdict". *(People v Cargill,* 70 NY2d 687, 688-689; *see, People v Anderson, supra; People v Buford, supra,* at 298.)

Here, the discharge was unsupported by any objective indicia of juror partiality. To the contrary, the juror stated unequivocally that her contact with a defense witness, which involved a single, fleeting encounter at a party 15 to 16 years prior to trial, would "definitely" not affect her ability to sit as a juror. *(Cf., People v Buford, supra,* at 299-300.) Nor was the discharge supported by the "tactful and probing inquiry" required by *People v Anderson (supra,* at 730) and *People v Cargill (supra).* Indeed, in reaching its decision to discharge the juror, the court stated that it had no way of assessing the juror's bias.

Moreover, the court applied a standard other than "grossly unqualified" as mandated by CPL 270.35. This is apparent from the court's erroneous ruling that jurors who had "prior contact with any of the witnesses" must, on that basis, be excluded *(but see, People v Rentz,* 67 NY2d 829, 830) and by the court's inappropriate comparison of the standard used to dismiss a sworn juror with dismissal of a juror during voir dire. *(See, People v Buford, supra,* at 298.)

Upon this record, we find that the juror was improperly

discharged. In that regard, we note that the People's claim that this error was not preserved for review is without support in the record which establishes that defense counsel satisfied the requirements of CPL 470.05 (2) by clearly and specifically stating that she objected to the People's motion to dismiss the juror and that such objection was premised on the fact that the minimal contact between the juror and the witness did not warrant disqualification. She need not have said more. *(Cf., People v Fleming,* 70 NY2d 947; *People v Love,* 57 NY2d 1023; *People v West,* 56 NY2d 662.)

Also at issue on this appeal is whether the People met their burden of proving that defendant used or threatened the use of a dangerous instrument as required for a conviction under Penal Law § 160.15 (3). We are persuaded that this burden was not met.

At trial, Cheryl Simmons testified that when she opened the door to her mother's apartment, she saw a man standing an arm's length away from her with his hand pointing forward in his pocket. According to Cheryl, the man claimed to have a gun and threatened to kill her and her daughter unless his demands for money were promptly met. Neither Cheryl nor any of the other victims, however, saw a weapon during the incident. Nor was any testimony ever elicited that a weapon was fired or recovered.

Penal Law § 160.15 (3) states that a person commits robbery in the first degree when he forcibly steals property and during the course of the commission of the crime "uses or threatens the immediate use of a dangerous instrument". "Dangerous instrument" is defined by Penal Law § 10.00 (13) as "any instrument * * * which, under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or other serious physical injury." Thus, to sustain a conviction under section 160.15 (3), the prosecution must affirmatively prove that the accused "actually possessed a dangerous instrument at the time of the crime", readily capable of causing death or serious physical injury. *(People v Pena,* 50 NY2d 400, 407, *cert denied* 449 US 1087.)* Hence, where the dangerous instrument alleged is a gun, the People must prove that the gun was loaded and operable. *(See, People v Iglesias,* 40 AD2d 778; *accord, People v Colavito,* 126 AD2d 554 [2d Dept], *affd on other grounds* 70 NY2d 996; *People v Robare,* 109 AD2d 923, 924 [3d Dept]; *contra, People v Taliaferro,* 109 AD2d 943, 944 [3d Dept]; *People v Madeo,* 103 AD2d 901 [3d Dept].)* Therefore, proof that a gun merely was displayed is insufficient. *(People v*

*Iglesias, supra,* at 778-779.) The mere display of a weapon constitutes a violation of Penal Law § 160.15 (4) which involves the use of "what appears to be a * * * gun". That subdivision, however, was absent from defendant's indictment.

Since we find that the People failed to prove by sufficient evidence that defendant actually possessed a loaded and operable firearm, his conviction for first degree robbery pursuant to Penal Law § 160.15 (3) cannot stand and count two of the indictment must, therefore, be dismissed. This dismissal however, is with leave to the People to re-present any appropriate charges to another Grand Jury. *(See, People v Gonzalez,* 61 NY2d 633, 635; *People v Mayo,* 48 NY2d 245, 249-250, n 2; *People v Rodwell,* 100 AD2d 772, 773.)

We have reviewed defendant's other arguments and find them to be without merit.

Resettled order signed and filed. Concur—Sullivan, J. P., Carro, Milonas, Rosenberger and Wallach, JJ.