■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN R. WHITE, Appellant.—Judgment unanimously modified on the law and as modified affirmed and matter remitted to Erie County Court for further proceedings, in accordance with the following memorandum: Defendant appeals from a judgment convicting him, after a bench trial, of burglary in the first degree, rape in the first degree, and sexual abuse in the first degree. He contends on appeal that the proof of burglary in the first degree (Penal Law § 140.30 [3]) was legally insufficient because there was no proof of actual possession of a dangerous instrument. We agree. Actual possession of a dangerous instrument is required for robbery in the first degree (Penal Law § 160.15 [3]; People v Pena, 50 NY2d 400, rearg denied 51 NY2d 770, cert denied 449 US 1087), and these two statutes contain identical language with respect to threatening the use of a dangerous instrument. We reject the People's argument that we should distinguish between the robbery and burglary statutes in construing identical language and that we should follow People v Delgado (143 AD2d 1033, lv denied 73 NY2d 854; see, e.g., People v Wilcox, 54 AD2d 801). Although the victim testified that defendant threatened her with a razor, she never saw one, nor was a razor later recovered (cf., People v Pena, supra). Thus, there was no valid line of reasoning and permissible inferences to lead a rational person to the conclusion that defendant had actual possession of a razor (see, People v Bleakley, 69 NY2d 490, 495). The burglary conviction therefore is reduced to burglary in the third degree, the sentence thereon is vacated, and defendant is remanded to

Erie County Court for resentencing on that count *(see, e.g., People v Wilcox,* 54 AD2d 801, *supra).* (Appeal from judgment of Erie County Court, D'Amico, J.—burglary, first degree, and other charges.) Present—Denman, J. P., Boomer, Green, Pine and Davis, JJ.