■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD MOORE, Also Known as MOODY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered March 14, 1990, convicting him of attempted robbery in the first degree and attempted robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction for attempted robbery in the first degree, dismissing that count of the indictment, and vacating the sentence imposed thereon; as so modified, the judgment is affirmed.

The defendant was not deprived of his right to a fair trial by the court's refusal to conduct a pretrial suppression hearing with respect to the knife seized by the police at the time of his arrest. The purpose of such a hearing is to determine whether suppression should be granted because of an unlawful search and seizure *(see,* CPL 710.20 [1]). Ultimately, the knife recovered by the police was not offered by the People at trial because of an insufficient chain of custody. However, this does not establish a ground for suppression under CPL 710.20 (1). According to the defendant, he would not have asked ques-

tions about the knife during the jury voir dire if the court had conducted the requested hearing on his suppression motion. This argument assumes that suppression would have been granted, an assumption that is simply not warranted on the basis of the claims made in support of his request for a hearing.

The defendant's contention that he was deprived of a fair trial when the court denied his peremptory challenge to strike a white juror is also without merit *(see, People v Green,* 181 AD2d 693).

However, we find that the proof adduced at the trial was legally insufficient to sustain the defendant's conviction for attempted robbery in the first degree *(see,* Penal Law § 160.15 [3]; § 110.00). The only evidence offered by the People to establish that the defendant possessed a dangerous instrument, here a knife, at the time of the attempted robbery, was the complainant's testimony that the defendant told him, "If you don't have any money, I am going to stab you". The complainant did not see a knife, or feel anything pressed against him. In sum, insufficient circumstantial evidence was offered from which the jury could infer the use or threatened immediate use of a dangerous instrument *(see, People v Pena,* 50 NY2d 400, *cert denied* 449 US 1087; *People v Lemon,* 124 AD2d 679; *People v Armour,* 140 AD2d 354). The defendant's threats alone were insufficient to support a conviction for attempted robbery in the first degree *(see, People v Pena, supra; People v Hilton,* 147 AD2d 427; *People v Robare,* 109 AD2d 923).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Balletta, J. P., O'Brien, Ritter and Copertino, JJ., concur.