OPINION OF THE COURT
 

 Rosenblatt, J.
 

 As former principals of First Meridian Planning Corporation, defendants were convicted of various crimes arising out of a scheme to defraud investors. All defendants challenge the legal sufficiency of the evidence as to fraudulent intent — a necessary element in all of the crimes charged. Because this contention lacks merit, we affirm the order of the Appellate Division. Another aspect of this appeal requires us to consider our power to address an issue raised by two of the defendants: whether a conviction for grand larceny by false pretenses (Penal Law § 155.05 [2] [a]) may be based merely upon the concealment or
 
 *259
 
 omission of material facts. For reasons that follow, we are unable to reach this question.
 

 Defendants Roger V. Sala, John Donovan and Roger C. Sala were each indicted on one count of scheme to defraud in the first degree (Penal Law § 190.65 [1]). Roger V. and Donovan were also indicted on 16 counts of grand larceny (Penal Law §§ 155.30, 155.35) and 16 counts of securities fraud (General Business Law § 352-c [6]).
 
 [1]
 
 Defendants were tried jointly.
 

 While the indictment did not specify the theory on which the grand larceny counts rested, the People, in their bill of particulars and at trial, proceeded on the basis of a larceny by false pretenses. At the close of the People’s case, Roger C. moved for a trial order of dismissal based on insufficiency of the evidence, upon which the court reserved decision. Defendants Roger V. and Donovan made similar motions. They identified specific alleged insufficiencies but did not assert — as they do now — that false pretenses larceny must rest on affirmative false statements and that omissions or concealments alone are insufficient. Supreme Court denied their motions and the case proceeded against all three as charged.
 

 Instructing the jury as to the “false statement” element of false pretenses larceny, the trial court stated that
 

 “[a] misstatement or representation is false, obviously, when it is untrue. Whether a statement or representation is false depends upon the facts as they existed at the time the statement or representation was made and not the facts as they may appear now with the benefit of hindsight.”
 

 The court, however, went on to state that “[a] representation or statement may be false when it constitutes a half truth or
 
 effectively conceals or omits a material fact.”
 
 Sala and Donovan did not object to this formulation. The jury found all three defendants guilty on all counts. Prior to sentencing, the trial court dismissed the case against Roger C. The court then granted “reargument” on Roger V. and Donovan’s dismissal
 
 *260
 
 motions and, on its own initiative, dismissed 10 of the 16 larceny counts against each of them. It ruled that larceny by false pretenses requires affirmative, overt misrepresentations, and that the proof revealed only defendants’ “omissions with .respect to disclosure of fees and commissions and other matters.”
 

 The People appealed; Roger V. and Donovan cross-appealed. The Appellate Division modified by reversing so much of Supreme Court’s order as granted the motions by all defendants for trial orders of dismissal, and affirmed the judgments of conviction against Roger V. and Donovan. A Judge of this Court granted defendants leave to appeal. We now affirm.
 

 At trial, the prosecution presented proof that defendants disguised First Meridian as an objective financial planning institution that employed expert advisers who developed individualized investment strategies for its investors. There was evidence that, in reality, defendants used First Meridian to channel investors’ assets into the same three risky investment vehicles, while misrepresenting the risks involved and concealing the fact that the company earned substantial commissions on the investments. Indeed, the proof revealed that 85% of First Meridian’s annual revenue was derived from these undisclosed commissions. Investors had no idea of this; defendants went to some length to keep them in the dark. We agree with the Appellate Division that the evidence at trial was legally sufficient to demonstrate defendants’ fraudulent intent in relation to all counts.
 

 In addition, Roger V. and Donovan argue that the evidence was insufficient to support their convictions on the larceny counts dismissed by the trial court, because an omission of material fact does not constitute a “false statement” for purposes of larceny by false pretenses. That argument, however, is not properly before this Court. The trial court instructed the jury that the definition of a “false statement” included both affirmative misrepresentations and any representation that “effectively conceals or omits a material fact.” Defendants did not object to this construction. Given the jury’s guilty verdict, our review is limited to whether there was legally sufficient evidence as to false statements based on
 
 the court’s charge as given without exception (see, People v Dekle,
 
 56 NY2d 835, 836;
 
 see also, People v Gray,
 
 86 NY2d 10, 24).
 
 *261
 
 There was; and we must therefore affirm.
 
 [2]
 
 While the Appellate Division went further and addressed the question whether a false pretenses larceny conviction could ever rest merely on material omissions or concealments, our affirmance does not reach this issue and we express no opinion on the point. The evidence was legally sufficient under the unchallenged charge and provided a proper basis for the jury’s verdict
 
 (People v Williams,
 
 84 NY2d 925, 926;
 
 People v Contes,
 
 60 NY2d 620, 621).
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick and Wesley concur.
 

 In each case: Order affirmed.
 

 [1]
 

 . Before trial, the motion court dismissed the scheme to defraud count as duplicitous. Upon the People’s appeal, the Appellate Division reinstated it (see, 201 AD2d 145). We affirmed, holding that the count was not invalid for duplicity, and that the evidence before the Grand Jury supported the existence of a unitary scheme to defraud (see, 86 NY2d 608). That appeal also dealt with dismissals of various counts that are not before us.
 

 [2]
 

 . In earlier parlance, an unobjected-to jury charge was called the “law of the case” (see,
 
 People v Evans,
 
 94 NY2d 499, 503 [citing
 
 Brown v Du Frey, 1
 
 NY2d 190, 195;
 
 People v Lobel,
 
 298 NY 243, 254]).