■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROBERTO CACERES, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v EDWARD MARTINEZ, Respondent. [838 NYS2d 68]—

Order, Supreme Court, New York County (John Cataldo, J.), entered on or about March 9, 2005, which reduced defendants' convictions from criminal possession of a controlled substance in the first degree to criminal possession of a controlled substance in the second degree, unanimously reversed, on the law, the original convictions reinstated, and the matter remanded for resentencing. Appeal from order, same court and Justice, entered on or about June 3, 2005, which granted the People's motion for reargument, but adhered to the prior order, unanimously dismissed as academic in view of the foregoing.

The crime at issue occurred in 2002. At that time, the weight requirement for first-degree drug possession was four ounces. On December 14, 2004, which was during defendants' trial, the Drug Law Reform Act (DLRA) became effective. Pertinent sections of that statute (L 2004, ch 738, §§ 21-22) raised the weight requirement for first-degree possession to eight ounces, and reduced possession of four ounces to the class A-II felony of second-degree possession. Unlike the situation with regard to reduced sentences (*see* L 2004, ch 738, § 41 [d-1]; *People v Utsey*, 7 NY3d 398 [2006]), the DLRA does not expressly provide that the change in the weight requirement applies exclusively to crimes committed prior to the effective date of the statute.

Although the court was aware that the weight requirement

had changed in the midst of the trial, it instructed the jury, without objection, as to the four-ounce, pre-DLRA weight requirement. However, in the postverdict order appealed from, it concluded that it should have instructed the jury as to the newly enacted weight requirement, and it reduced the convictions to second-degree possession based on the new weight requirement and the fact that the jury's determination only found, necessarily, that defendants possessed in excess of four ounces of a controlled substance. This was error. Even assuming that the court should have charged the new weight requirement (*see People v Behlog*, 74 NY2d 237, 240 [1989]), defendants were properly convicted of first-degree possession under the charge the court actually delivered without exception (*see People v Sala*, 95 NY2d 254, 260 [2000]; *People v Dekle*, 56 NY2d 835 [1982]), and there was more than sufficient evidence that defendants possessed in excess of four ounces, as charged to the jury. Accordingly, the court had no lawful basis upon which to modify the verdict (*see* CPL 330.30 [1]).

We also note that defendants must be resentenced in accordance with pre-DLRA sentencing provisions (*People v Utsey*, 7 NY3d 398 [2006], *supra*). Concur—Mazzarelli, J.P., Andrias, Nardelli, Williams and Gonzalez, JJ.