■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED FORD, Appellant. [843 NYS2d 610]—

Judgment, Supreme Court, New York County (Robert H. Straus, J., on severance motion; Bruce Allen, J., at jury trial and sentence), rendered February 16, 2005, convicting defendant of robbery in the first degree (two counts), robbery in the second degree (two counts) and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a second felony offender, to an aggregate term of 10 years, unanimously modified, on the law, to the extent of reducing the conviction for robbery in the first degree under the fifth count of the indictment to robbery in the third degree and remanding for resentencing on that conviction, and remanding for resentencing on the second-degree robbery and controlled substance convictions, and otherwise affirmed.

Defendant was charged in a single indictment with robberies occurring on May 24 and May 31, 2004. The court properly exercised its discretion in denying defendant's motion to sever the trials of the two robberies. Defendant did not establish good cause for a severance under CPL 200.20 (3) (a), since there was no material variance in the quantity of proof establishing the two crimes, and evidence as to the two incidents was presented separately and was capable of being easily segregated in the minds of the jurors (*see e.g. People v Streitferdt,* 169 AD2d 171, 176 [1991], *lv denied* 78 NY2d 1015 [1991]; *People v Ndeye,* 159 AD2d 397 [1990], *lv denied* 76 NY2d 793 [1990]). We have considered and rejected defendant's remaining arguments concerning the severance issue.

However, with respect to the May 31 robbery, the evidence was legally insufficient to establish first-degree robbery under Penal Law § 160.15 (3), which requires use or threatened use of a dangerous instrument, in this case a knife. To satisfy this statute, a defendant must actually possess a dangerous instrument, as well as using or threatening to use it (*People v Pena,* 50 NY2d 400, 407 [1980], *cert denied* 449 US 1087 [1981]). "A defendant's statement that he has a weapon or a threat that he will kill or harm his alleged victim is insufficient, without more, to sustain a conviction for an offense requiring proof that the defendant used or threatened to use a dangerous instrument." (*People v Peralta,* 3 AD3d 353, 355 [2004], *lv denied* 2 NY3d 764 [2004], citing *People v Moore,* 185 AD2d 825 [1992]; *accord People v Robare,* 109 AD2d 923, 924 [1985], *lv denied* 65 NY2d 699 [1985].)

Here, the victim testified that defendant said he had a knife and gestured toward his pants pocket. The witness never saw a knife, no knife was recovered, and the victim's only injuries were the result of being punched by defendant. Accordingly, there was no evidence that defendant actually possessed a knife, and the evidence is legally insufficient to sustain a conviction for first-degree robbery.

Contrary to the People's argument, defendant's declaration to the victim that he had a knife, when viewed in the context of a robbery, was not an "admission" that he possessed an actual knife, but a threat to use one, and such a threat has consistently been held to be insufficient. The court's jury charge, which made reference, among other things, to *"the* knife," rather than a hypothetical knife, was consistent with these principles, and there is no merit to the People's argument that the evidence was legally sufficient when viewed in light of the charge.

We remand for resentencing upon the reduced conviction of third-degree robbery. Since the record is unclear as to whether the court actually sentenced defendant under the second-degree robbery and controlled substance convictions, we remand for resentencing on those convictions as well. However, we see no reason for resentencing on the first-degree robbery conviction relating to the May 24, 2004 incident. Concur—Lippman, P.J., Andrias, Williams, Buckley and Malone, JJ.