[903 NE2d 256, 874 NYS2d 859]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant-Respondent, v ALFRED FORD, Respondent-Appellant.

Argued November 19, 2008; decided December 17, 2008

**APPEARANCES OF COUNSEL**

*Robert M. Morgenthau, District Attorney*, New York City (*Patrick J. Hynes* and *Hilary Hassler* of counsel), for appellant-respondent.

*Legal Aid Society Criminal Appeals Bureau*, New York City (*Steven Banks, Andrew Fine* and *John Schoeffel* of counsel), and *Kaye Scholer LLP* (*Max R. Schwartz, Michael A. Rogoff, Paula R. Ramer* and *John S. Cahalan* of counsel), for respondent-appellant.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be modified by reinstating defendant's conviction for first-degree robbery and remitting to that court for consideration of the facts (*see* CPL 470.25 [2] [d]; 470.40 [2] [b]), and, as so modified, affirmed.

A grand jury returned a single indictment charging defendant Alfred Ford with first-degree robbery and lesser offenses related to two successive robberies in May 2004 in elevators of residential buildings on Park Avenue in Manhattan. Before trial, defen-

dant unsuccessfully sought to sever the trials of the two crimes on the ground that the proof of his identity in the second robbery was stronger than that in the first, and the jury would thus be unable to consider the proof of each incident separately. Ultimately, defendant was convicted of two counts of first-degree robbery, one with respect to each incident.

On appeal, defendant contended that Penal Law § 160.15 (3)[1] requires the People to establish defendant's "actual possession" of a dangerous instrument, and there was insufficient evidence that he had actually possessed a knife during one of the robberies. Second, he argued that the trial court erroneously denied his severance motion. The People responded that, viewing the evidence in light of the unobjected-to instruction—which did not require the jury to find that defendant actually possessed the knife—the evidence of first-degree robbery was legally sufficient. Alternatively, the People argued that the evidence was legally sufficient to establish that defendant actually possessed a knife. As for severance, the People took the position that joinder was proper because there was no material variance in the quantity of proof relating to each crime, and the jury would be able to consider the evidence as to each crime separately.

The Appellate Division modified the judgment of conviction, reduced the defendant's conviction for first-degree robbery to third-degree robbery, and remanded the case to Supreme Court for resentencing on that count. The court concluded that although the charge as given alerted the jury to the "actual possession" element of the crime, the evidence of actual possession was legally insufficient. Further, the Appellate Division rejected defendant's severance claim. A Judge of this Court granted both the People and defendant leave to appeal.

■ In its charge to the jury, the trial court explained that, to find defendant guilty of first-degree robbery, the jury would have to find

"[f]irst, that on May 31, 2004 . . . the defendant . . . forcibly stole property from [the victim]; second, that in the course of the commission of the

---

1. Penal Law § 160.15 (3) provides that "[a] person is guilty of robbery in the first degree when he forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime . . . [u]ses or threatens the immediate use of a dangerous instrument" (emphasis added). In *People v Pena* (50 NY2d 400, 407 [1980]), we indicated that the "use or threatened use" language requires proof of actual possession.

crime or in the immediate flight therefrom, the defendant used or threatened the immediate use of a knife; [and] third, that under the circumstances the knife was a dangerous instrument."

The Appellate Division concluded that this charge adequately alerted the jury to the "actual possession" element of the crime, principally by virtue of the single reference to " *the* knife,' rather than a hypothetical knife" (*People v Ford,* 44 AD3d 515, 516 [1st Dept 2007]). We cannot agree. More than a subtle verbal clue was necessary for the jury to be put on notice of its obligation to decide whether defendant actually possessed a knife; it is not enough for an instruction merely to imply the elements of a crime. Simply put, the charge in this case did not use the term "actual possession," or in any other way convey that requirement to the jury. Although the jury instruction parroted the statute, we have previously noted that the "actual possession" requirement is not explicit in the statute, but rather is based on judicial interpretation in decisional law (*see Pena,* 50 NY2d at 407; *see generally People v Johnson,* 70 NY2d 819 [1987]).

■ Because there was no objection to the charge, however, the legal sufficiency of defendant's conviction must be viewed in light of the court's charge as given without exception (*see People v Sala,* 95 NY2d 254 [2000]; *People v Dekle,* 56 NY2d 835 [1982]). Viewed as such, the evidence was legally sufficient to establish defendant's guilt of first-degree robbery. During the course of the robbery, defendant stated, "I got a knife," while simultaneously moving his hand toward his pants pocket. These acts, considered together, provide legally sufficient evidence to establish that defendant "used or threatened the immediate use" of a knife in the course of the robbery, as the trial court charged.[2] As a result, defendant's conviction for first-degree robbery should be reinstated.

Our recent decision in *People v Jean-Baptiste* (11 NY3d 539 [2008]) does not warrant a different result. There, defendant's motion to dismiss for legal insufficiency—which related to the elements of the crime—apprised the trial judge of any potential error in the charge. The judge in responding made a clear disposition on the law; he incorporated into the charge what he had already told defense counsel reflected the law. Under these cir-

---

2. Because of our disposition of this appeal, we need not decide and express no opinion as to whether the proof in this case was sufficient to establish actual possession.

cumstances, an objection to the charge itself would have been superfluous and futile, and would not have advanced the sound policy reasons underlying the preservation requirement (*see People v Hawkins*, 11 NY3d 484 [2008]).

Here, by contrast, the legal sufficiency objection was based on the perceived inadequacy of the proof, not on an interpretation of an element of the offense. The objection to sufficiency was merely "denied"; the trial judge did not clearly make a distinction between whether he was denying the motion because the evidence was insufficient to establish possession, or because he considered proof of actual possession to be unnecessary. As a result, defense counsel was required to object to the jury charge—which, as already noted, did not instruct the jurors that they had to find that defendant actually possessed the knife in order to convict him of first-degree robbery—in order to avoid having the sufficiency of the evidence supporting his conviction evaluated in light of the charge as given.

■ Finally, we reject defendant's claim that the trial court erroneously denied his severance motion. Defendant failed to establish good cause for severance under section 200.20 (3) (a) of the Criminal Procedure Law because there was no material variance in the quantity of proof for the separate incidents. Moreover, the evidence as to the two crimes was presented separately and was readily capable of being segregated in the minds of the jury. The incidents occurred on different dates and the evidence as to each incident was presented through entirely different witnesses.

JONES, J. (dissenting in part). The question before the Court— whether there was legally sufficient evidence to support defendant's first-degree robbery conviction (*see* Penal Law § 160.15 [3])—is here on the People's appeal. Defendant was charged in a single indictment with two robberies, one occurring on May 24 and one on May 31, 2004. I agree with the majority in holding that the trial court properly exercised its discretion in denying defendant's motion to sever the trials of the two robberies under CPL 200.20 (3) (a).

However, I disagree with the majority's conclusion, with respect to the May 31, 2004 robbery, that there was legally sufficient evidence that defendant committed a robbery in the first degree (Penal Law § 160.15 [3] [which requires use or threatened use of a "dangerous instrument"]) and that the Appellate Division erred by concluding that the "charge adequately alerted

the jury to the 'actual possession' element of the crime." The majority argues that defendant failed to preserve his claim of legal insufficiency because he did not object to the jury charge. Specifically, the majority contends that although defendant moved for a trial order of dismissal based on insufficient evidence of a knife, he was required to object to the jury charge as given, and that having failed to object to the jury charge, defendant loses his claim of legal insufficiency. Put differently, the majority contends that to preserve his claim of insufficiency, defendant should have requested that the court instruct the jury that robbery in the first degree required proof of an actual knife.

The jury charge was not incorrect.* The trial court, as part of its charge to the jury, instructed that a "dangerous instrument means any instrument, which under the circumstances in which it is used, is readily capable of causing death or other serious physical injury." Reading this definition in conjunction with the portion of the charge quoted by the majority (majority mem at 877-878) makes clear that in order for defendant to be convicted of robbery in the first degree, the People must prove that he actually possessed a knife.

The majority's approach leads to a bizarre result. Under their view, the lack of evidence of a "dangerous instrument" (a knife) is held to be legally sufficient "evidence" because the jury charge was erroneous and defendant failed to make an objection, ask for a correction or seek clarification he was entitled to. If the court had given the clearer charge, defendant would be allowed to argue sufficiency—an issue that he preserved—under the correct view of the law. However, because the charge didn't "adequately alert the jury" to the correct view of the law, the case must be decided as though the incorrect view of the law, left open by the charge, was correct. This, frankly, makes no sense.

In support of their position, the majority cites *People v Sala* (95 NY2d 254 [2000]) and *People v Dekle* (56 NY2d 835 [1982]). The majority's reliance on *Sala* and *Dekle* is misplaced and their position is in conflict with *People v Jean-Baptiste* (11 NY3d 539 [2008]), a case recently decided by this Court. In *Jean-Baptiste*, we noted (at 544) that

> "the defendant made a specific motion to dismiss
> for legal insufficiency at trial, anticipating the

---

* In fact, the People, who are appellants here, never objected to the jury charge as given.

change in the law brought by [*People v Feingold* (7 NY3d 288, 294 [2006]), which overruled *People v Register* (60 NY2d 270 [1983]) and held that 'depraved indifference to human life is a culpable mental state']. The principle the People cite is inapplicable when, as in this case, defense counsel made a specific motion for a trial order of dismissal. Having made that motion, defense counsel did not additionally have to take an exception to the court's depraved indifference murder charge'' (citation omitted).

As *Jean-Baptiste* points out, *Sala* and *Dekle* are distinguishable from that case—as they are from this one—because in those two cases the defendants advanced a different legal theory on appeal than the one they advanced before the trial court.

The instant case is analogous to *Jean-Baptiste*. Defendant Ford made a motion for a trial order of dismissal. As in *Jean-Baptiste*, the instant charge as given was not erroneous or at very least, did not misstate the law. Additionally, the objection made at trial as to the legal insufficiency was clearly stated and understood by the court and the People and was the same argument made on appeal.

In this case, the People charge that defendant possessed a knife as a dangerous instrument. They rely on defendant's statement to the victim that he had a knife, along with a gesture towards his pants pocket, to meet the statutory requirement of possession of a dangerous instrument. The victim testified that he never saw a knife; nor was a knife recovered, even though defendant was arrested a short time after the crime. Also, the injuries sustained by the victim were from punches delivered by the defendant.

A verbal threat by a defendant that he possesses a dangerous instrument, standing alone, is clearly insufficient to establish the "dangerous instrument" element of robbery in the first degree (*see People v Moore*, 185 AD2d 825 [2d Dept 1992]; *People v White*, 155 AD2d 934 [4th Dept 1989]; *People v Robare*, 109 AD2d 923 [3d Dept 1985]). There must be proof of an actual knife. Assuming that there could be cases in which a defendant's admission would be sufficient proof that a knife was actually present, this is not such a case. In *White*, the defendant threatened the victim by saying that he had a razor, but the victim never saw a razor nor was a razor recovered (*see* 155 AD2d at 934). The court, in reducing the burglary in the first

degree conviction to burglary in the third degree, held "there was no valid line of reasoning and permissible inferences to lead a rational person to the conclusion that defendant had actual possession of a razor" (*id.*, citing *People v Bleakley*, 69 NY2d 490, 495 [1987]). The same can be said of the possession of a knife under these facts.

As the Appellate Division aptly pointed out, a defendant to be guilty of this offense must not only use or threaten the use of a dangerous instrument, he must actually possess a dangerous instrument (*see People v Pena*, 50 NY2d 400, 407 [1980], *cert denied* 449 US 1087 [1981]).

Based on the foregoing, I would affirm the order of the Appellate Division and find that the defendant was only guilty of robbery in the third degree.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO and READ concur in memorandum; Judge JONES dissents in part and votes to affirm in an opinion in which Judges SMITH and PIGOTT concur.

Order modified, etc.