■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY SIMMONS, Appellant. [981 NYS2d 523]—

Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered February 1, 2011, convicting defendant, after a jury trial, of two counts of criminal sexual act in the third degree, five counts of sexual abuse in the second degree and five

counts of sexual abuse in the third degree, and sentencing him to an aggregate term of four years, unanimously affirmed.

Defendant asserts that, as to certain counts, the verdict was against the weight of the evidence with respect to the element of the victims' inability to consent, where such inability depended on their being in the custody of a local correctional facility at the time of the crimes. This Court "is constrained to weigh the evidence in light of the elements of the crime as charged without objection by defendant" (*People v Noble*, 86 NY2d 814, 815 [1995]). Under the court's charge, to which defendant did not object, the evidence supported the conclusion that the victims were in court detention pens that qualified as local correctional facilities (*see* Correction Law § 40 [2]). To the extent defendant is making a legal sufficiency claim, it is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we similarly reject it (*see People v Sala*, 95 NY2d 254, 260 [2000]).

Defendant also challenges the admission of evidence that he characterizes as evidence of criminal propensity, notwithstanding that it did not involve a prior illegal or immoral act. To the extent there was any error in receiving this evidence, we find the error to be harmless (*see People v Cortez*, 22 NY3d 1061, 1072, 1080 [2014]). Concur—Mazzarelli, J.P., Sweeny, Renwick, Freedman and Gische, JJ.