Judgment, Supreme Court, New York County (Patricia M. Nunez, J), rendered November 5, 2009, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the second degree and third degrees, and sentencing him to an aggregate term of 10 years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury’s credibility determinations. Defendant, a police confidential informant, claimed that he had infiltrated a drug operation, *504 and that his possession of a large quantity of drugs and packaging materials was in lawful furtherance of his self-assigned mission to pose as a drug factory worker. However, the evidence established that in his role as an informant defendant was only permitted to possess drugs in very limited circumstances, such as while making a buy, that were far removed from the conduct with which he was charged. Furthermore, the evidence warranted the conclusion that defendant was conducting a drug operation solely for his own benefit.
Defendant now asserts that he held a mistaken belief that he was acting lawfully in his capacity as an informant. However, the defense of mistake of fact (Penal Law § 15.20 [1] [a]) was neither requested nor charged. Instead, in accordance with the defense defendant actually raised, the court instructed the jury on the defense of temporary possession by a person assisting the police (Public Health Law § 3305 [1] [c]). Any challenge to the sufficiency or the weight of the evidence must be evaluated according to the court’s charge as given (see People v Sala, 95 NY2d 254, 260 [2000]; People v Noble, 86 NY2d 814, 815 [1995]). In any event, the evidence likewise refutes any defense of factual mistake. The jury could have readily concluded that defendant’s entire explanation for his conduct was a fabrication. Moreover, defendant’s claimed belief that his conduct was authorized as a confidential informant was more in the nature of a claim of mistake of law, which would not be a defense under the circumstances of this case (see Penal Law § 15.20 [2]).
Defendant claims that his trial counsel rendered ineffective assistance by not pursuing a mistake of fact defense. This claim is unreviewable on direct appeal because it involves matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that failure to pursue a factual mistake defense fell below an objective standard of reasonableness, or that it deprived defendant of a fair trial or affected the outcome of the case. As noted, there is no reasonable possibility that the jury would have credited a mistake of fact defense.
Defendant’s arguments concerning the court’s charge are unpreserved and we decline to review them in the interest of *505 justice. As an alternative holding, we reject them on the merits. Concur — Friedman, J.P., Moskowitz, Freedman, Gische and Clark, JJ.