■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH GARCIA, Appellant. [990 NYS2d 415]—

Judgment, Supreme Court, New York County (Carol Berkman, J., at severance motion; Charles H. Solomon, J., at suppression hearing; Daniel P. FitzGerald, J., at jury trial and sentencing), rendered January 20, 2010, convicting defendant of burglary in the first and second degrees, robbery in the second degree (two counts), attempted robbery in the second degree

and petit larceny, and sentencing him, as a second violent felony offender, to an aggregate term of 37 years, unanimously affirmed.

Defendant failed to establish good cause for a severance under CPL 200.20 (3) (a). While there were evidentiary differences between one of the three incidents at issue and the remaining two, there was no material variance in the quality of proof for the separate incidents, and the evidence as to each of the three crimes was presented separately and was readily capable of being segregated in the minds of the jury, as they occurred on different dates and involved entirely different witnesses (*see People v Ford*, 11 NY3d 875, 879 [2008]; *see also People v Streitferdt*, 169 AD2d 171, 176 [1991], *lv denied* 78 NY2d 1015 [1991]). In any event, defendant has not established that the joinder of the three incidents caused him any prejudice.

The court properly exercised its discretion in instructing the jury that it could consider similarities between two of the crimes on the issue of identification. The crimes had enough distinctive aspects to establish a pattern that was probative of defendant's identity (*see People v Beam*, 57 NY2d 241, 253 [1982]; *People v Swinton*, 87 AD3d 491, 493 [1st Dept 2011], *lv denied* 18 NY3d 862 [2011]). The two burglaries, committed within two days, shared many features that formed a pattern when viewed collectively. Although the crimes were not identical, "[i]t is not necessary that the pattern be ritualistic for it to be considered unique; it is sufficient that it be a pattern which is distinctive" (*Beam*, 57 NY2d at 253).

We perceive no basis for reducing the sentence.

We have considered and rejected defendant's pro se claims. Concur—Sweeny, J.P., Renwick, Andrias, Saxe and Kapnick, JJ.