Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered February 7, 2007, convicting defendant after a jury trial, of burglary in the second degree and robbery in the third degree, and sentencing him to concurrent terms of five years and 2Vs to 7 years, respectively, unanimously modified, as a matter of discretion in the interest of justice, the conviction for burglary in the second degree reversed and the matter remanded for a new trial on that charge, and the judgment is otherwise affirmed.
As the Court of Appeals has stated: “Under the former Penal *254 Law, a person entering with the owner’s consent could nevertheless be guilty of burglary if the consent was obtained by ‘threat or artifice’ (former Penal Law §§ 402, 403, 404, 400 [3]; see, Denzer & McQuillan, Practice Commentary, McKinney’s Cons Law of NY, Book 39, Penal Law § 140.00, at 341 [1967]). Although the current Penal Law does not include analogous language, the lower courts and commentators have concluded that the same rule exists today” (People v Graves, 76 NY2d 16, 20 [1990]).
Defendant’s claim that the evidence was legally insufficient to establish that he gained entry into the apartment building by means of trick, artifice or misrepresentation is not preserved for review. At the close of the People’s case, defendant argued only that the People had failed to make out a prima facie case on both the burglary and robbery charges. After defendant rested without presenting evidence, he renewed his motion to dismiss but limited his argument to the contention that his identity had not been established. Accordingly, having failed to alert the People and the court to this alleged deficiency in the proof, defendant’s challenge to the sufficiency of the evidence is not preserved for review (People v Gray, 86 NY2d 10, 20-21 [1995]).
Nor did defendant object to the court’s instructions on the elements of burglary in the second degree. The Court instructed the jury as follows:
“There is a crime called burglary where it is—it is a crime if somebody enters a building unlawfully intending to commit a crime in the building, whether or not they ultimately commit a crime in the building.
“The elements are: Entering the building, that is, a dwelling. It can be the entire apartment building as opposed to an individual apartment within the greater structure.
“Enter unlawfully. That means without permission, no lawful reason to be there.
“To enter unlawfully a dwelling intending to commit a crime in there, whether or not once you get in there, anything strikes your fancy.
“The crime of burglary is completed if you enter a building that’s a dwelling unlawfully, intending to commit a crime in there. Those are the elements. Each element has to be proven beyond a reasonable doubt.
“If the People prove each element beyond a reasonable doubt, you must convict. You have no choice.
“If the People fail in any one or all of them, you must acquit. You have no choice” (emphasis added).
*255 The court then went on to instruct the jury concerning robbery and stealing. We quote the rest of the instructions in full because they are relevant to our decision to exercise our interest of justice jurisdiction. The court concluded its instructions as follows:
“With regard to the burglary, it can be any crime. The People don’t have to prove what crime. It could be one or more crimes. It’s essentially a crime of opportunity. I go in there. Anything that I’m going to do: Rape, rob, pillage, or plunder, you’ll see if there’s anything of interest. If not, I’ll leave.
“Elements are established. The burglary charge has been established. The elements to burglary are that on or about May 21st in New York County, the defendant unlawfully entered the building at the address about which you heard testimony. The defendant did so knowingly, and that the defendant did so intending to commit a crime in the building.
“And the fourth is that the building is a dwelling.”
As defendant did not object to any aspect of these instructions, the sufficiency of the evidence must be assessed in light of the elements of the crime of burglary in the second degree as they actually were defined by the charge, regardless of any error in the charge (see People v Sala, 95 NY2d 254, 260 [2000]). Given the highlighted portion of the charge, the jury reasonably could have concluded that the element of unlawful entry was established simply by proof that defendant had no lawful reason to be in the apartment building. As the jury only could have concluded that defendant had “no lawful reason to be there,” the evidence was legally sufficient and the verdict convicting defendant of burglary in the second degree was not against the weight of the evidence.
We nonetheless exercise our interest of justice jurisdiction and reverse the burglary conviction for several, interrelated reasons. First, the highlighted portion of the charge was manifestly incorrect as it effectively relieved the People of the obligation to prove that defendant had unlawfully entered the apartment building (cf. People v Konikov, 160 AD2d 146, 151 [1990], lv denied 76 NY2d 941 [1990] [observing in a case in which the People contended that the defendant had entered a dwelling by artifice or trick that the jury was never instructed to consider that theory of unlawful entry and, “accordingly, the People’s assertion that the defendant obtained permission to enter through a deception is not supported by a jury finding” (internal quotation marks omitted)]).
Second, although we need not and do not decide the issue, we have grave doubts about whether defendant properly could have *256 been convicted of the burglary charge if the jury had been correctly instructed. The People’s evidence was that the victim unlocked and opened the outer door of the building, stepped into the vestibule after closing and locking the outer door and opened the inner door. Before she walked through the door, she heard a knock on the outer door. The man who knocked on the door—she subsequently identified defendant as that man— “[l]ook[ed] [her] in the eye, and he pointed down to the lock.” The victim had been living in the building for only two months and so she looked at him “to see if I recognized him—possibly— maybe he might live in the building.” According to the victim, defendant “looked like he had a look on his face like he belonged there. And so I just opened the door for him.” The only other evidence bearing on the issue of whether defendant entered the building by artifice or trick is the testimony of the victim that defendant “didn’t give me a look that made me feel like I had to be afraid. [He] looked, by the look on [his] face through the window, it looked kind of matter-of-fact, ‘you need to open the door.’ But—I obviously live there—but without saying that, of course.”
The gesture defendant made in pointing to the lock is tantamount to a verbal request that she open the door. Obviously, such a request alone would not be sufficient to establish that defendant entered by means of an artifice or trick. Nor would the absence of a threatening look be sufficient. Thus, if defendant did enter by means of an artifice or trick, it could only be on account of the victim’s impression that defendant “had a look on his face like he belonged there.” A “look” on his face that “looked kind of matter-of-fact” and conveyed to her that he was saying “you need to open the door.” Suffice it to say, as noted above, we have grave doubts that a jury reasonably could have concluded on the basis of this unelaboratedupon testimony about the look on defendant’s face that the People had proven beyond a reasonable doubt that defendant gained entry into the building by artifice or trick. We do not think it appropriate, however, to exercise our interest of justice jurisdiction and assess the sufficiency of the evidence as if the court had correctly instructed the jury on unlawful entry by artifice, trick or deception. Although it may well be improbable that the People could have elicited additional relevant evidence if defendant had made a timely and specific objection that the proof was lacking in this respect, it would not be fair to the People to assume that no such evidence could have been elicited.
Third, we can conceive of no possible strategic reason that might explain either defense counsel’s failure to make such a *257 specific objection focusing on an obvious and critical issue or counsel’s failure to protest the highlighted, clearly erroneous instruction. Finally, we of course are troubled by the court’s additional instruction to the effect that the elements of the burglary charge “are established[;] [t]he burglary charge has been established.” In fairness to the trial court, we note that on her summation defense counsel did not challenge the sufficiency of the evidence as to any of the elements of the burglary and robbery charges, and argued only that the People had failed to prove identity beyond a reasonable doubt. Nonetheless, defense counsel did not expressly concede that any of the elements had been established. Absent such a concession, the trial court should not have instructed the jury that the elements of the burglary charge had been established.
Accordingly, we exercise our interest of justice jurisdiction to review the court’s instructions on the elements of the burglary charge, find that those instructions deprived defendant of a fair trial and direct a new trial on the burglary charge in the event the People believe it appropriate to retry defendant on that charge. With respect to the robbery conviction, the evidence was legally sufficient and the verdict was not against the weight of the evidence. There is no basis for disturbing the jury’s determinations concerning identification and credibility. The victim had ample basis to observe defendant before he robbed her, she gave the police a generally consistent and accurate description and identified defendant just three days after the crime when she saw him walking on the street. Concur—Mazzarelli, J.P, Catterson, McGuire, Acosta and Renwick, JJ.