(March 11, 2014)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN ANDERSON, Appellant. [982 NYS2d 29]—

Judgment, Supreme Court, New York County (Roger S. Hayes, J.), rendered October 31, 2008, convicting defendant, after a jury trial, of attempted robbery in the third degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, and judgment, same court (Juan M. Merchan, J.), rendered April 28, 2010, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a persistent violent felony offender, to a concurrent term of 20 years to life, unanimously affirmed.

The verdict at issue was not against the weight of the evidence (*see People v Danielson,* 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations.

The court's charge regarding robbery in the first degree under Penal Law § 160.15 (4), which adhered to the pattern CJI instruction, expressly and clearly conveyed to the jury that the element of displaying what appeared to be a firearm requires the prosecution to prove, beyond a reasonable doubt, that the robbery victim perceived the item to be a firearm (*see People v Baskerville,* 60 NY2d 374, 381 [1983]). Defendant is essentially challenging the way in which the CJI charge is organized with respect to this concept, and his argument goes to form rather than substance. There is no merit to defendant's claim that the court omitted, or directed a verdict, as to an element of the crime. Concur—Gonzalez, P.J., Tom, Friedman, Andrias and Saxe, JJ.