People v Iscenko (2022 NY Slip Op 06178)

People v Iscenko

2022 NY Slip Op 06178

Decided on November 03, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 03, 2022

Before: Renwick, J.P., Kern, Moulton, Mendez, Pitt, JJ. 

Ind No. 3513/15 Appeal No. 16589 Case No. 2018-1888 

[*1]The People of the State of New York, Respondent,
v
Michael Iscenko, Defendant-Appellant.

Raiser & Kenniff, P.C., Mineola (Anthony J. Colleluori of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Elizabeth T. Schmidt of counsel), for respondent.

Judgment, Supreme Court, New York County (Melissa C. Jackson, J.), rendered August 15, 2017, convicting defendant, after a jury trial, of sexual abuse in the third degree, and sentencing him to a term of 20 days, with 1 year of probation, unanimously affirmed.
Defendant did not preserve his claim that the evidence was legally insufficient to establish that he threw or put ejaculate on his victim's leg, and we decline to review it in the interest of justice (People v Hawkins, 11 NY3d 484, 492 [2008]). We also reject defendant's challenges to the legal sufficiency of the evidence establishing that the substance was ejaculate and that he threw it on the victim to gratify his sexual desires (see Penal Law §§ 130.00[3], 130.55) and find that the verdict was not against the weight of the evidence as to any of the elements of the crime (see People v Danielson, 9 NY3d 342, 348 [2007]). Each of the elements could be readily inferred from the evidence. Among other things, testing revealed that the substance on the victim's shoe was semen, and surveillance video footage shows defendant looking down at the victim's leg as he throws or puts the substance on her leg, and then quickly retreating.
By failing to make an appropriate request to charge, or exception to the court's charge, defendant failed to preserve the particular challenge to the court's jury charge he raises on appeal, and we decline to review it in the interest of justice (see People v Salas, 95 NY2d 254, 260 [2000]). In any event, we find that the court's charge on the elements of sexual abuse in the third degree, which conformed to the Criminal Jury Instructions incorporating the statutory definition of the term "sexual contact," adequately conveyed to the jury the proper standards (see People v Lewis, 5 NY3d 546, 551 [2005]; People v Anderson, 115 AD3d 459 [1st Dept 2014], lv denied 23 NY3d 1033 [2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 3, 2022